BESS B. LEE, Respondent, v. PETER JORDAN, Appellant.

(195 N. W. 660.)

**Appeal and error — granting or refusal of injunction pendente lite discretionary; order granting or refusing injunction pendente lite not disturbed unless for clear abuse of discretion.**

1. The granting or refusal of an injunction *pendente lite* is a matter resting largely in the sound, judicial discretion of the trial court, and its order will not be disturbed except in case of a clear abuse of such discretion.

**Appeal and error — on appeal from order granting temporary injunction supreme court will not pass on merits of main action.**

2. On appeal from an order granting a temporary injunction, the supreme court will not pass upon the merits of the main action, but will only review the order appealed from.

Opinion filed October 31, 1923. Rehearing denied November 15, 1923.

Appeal and Error, 4 C. J. §§ 2585 p. 687 n. 54; 2768 p. 803 n. 87. Injunctions, 32 C. J. § 11 p. 31 n. 17.

Appeal from the District Court of Hettinger County, *Lembke, J.* Defendant appeals from an order granting a temporary injunction. Affirmed.

*Jacobsen & Murray,* for appellant.

Note.—Review of discretionary action, see 2 R. C. L. 211; 1 R. C. L. Supp. 449; 4 R. C. L. Supp. 93; 14 R. C. L. 312, 313; 3 R. C. L. Supp. 211; 4 R. C. L. Supp. 895; 5 R. C. L. Supp. 758, 759.

It is well settled that under this form of a contract, the vendor or the assignee of the vendor, who is the assignee in this case, has no right, title or interest in the crops. Moen v. Lillistal, 5 N. D. 327; Regent State Bank v. Grim, 35 N. D. 290.

"It is the value and use of the land which the owner recovers, and not the fruits of the land. A contrary rule would give the owner the value of the use of the land, and the value of the labor of the farmer in producing the crop, for the crop contains the value of both." Gunderson v. Holland, 22 N. D. 258.

"Complainant must have title to the property or some interest therein before an injunction will be granted at his instance to protect him." 22 Cyc. 8117.

"To warrant the interposition of a court of equity, by aid of a receiver, it is essential that the plaintiff should show first either a clear legal right in himself to the property in controversy, or that he has some lien upon it." Golden Valley Land Co. v. Johnston, 21 N. D. 111.

Injunction will not lie, restraining action with reference to personal property.

"Equity will not interfere to prevent an injury to, or sale of, ordinary personal chattels or property, since an action at law for damages is an adequate remedy." 22 Cyc. 816, note 52.

"And that the building claimed by him was personal property, the value of which is easily determinable, in the absence of any facts pleaded disclosing that he will be injured beyond the value of the building, in case it is removed, there was not any excuse for his invoking the aid of a court of equity. If the building is removed, and he suffers by reason thereof, a court of law will afford him complete relief by way of damages." Kaufman v. City of Butte (Mont.) 138 Pac. 771.

"The existing remedy for the breach of the obligation of a contract may be changed without violating the contract clause of the Federal Constitution, so long as a substantial and efficacious remedy remains, even though the contract, so far as pertains to its obligation, may be of statutory origin." Nat. Surety Co. v. Architectural Decorating Co. (Sup. Ct.) 57 L. ed. 221; Asbestos Mfg. Co. v. Amer. Bonding Co.

(Cal.) 145 Pac. 107; Antonio v. Greenow, 107 U. S. 769, 27 L. ed. 468; Memphis v. United States, 97 U. S. 293, 34 L. ed. 920.

"A vendor under an executory contract for the sale of land, and who is not in possession thereof, has no title to the crop raised and severed by the vendee in possession, even though the severance takes place after notice of the cancellation of the contract by reason of failure to make the necessary payments." Roney v. Halvorson Co. 29 N. D. 13; Security St. Bank v. Krach (N. D.) 161 N. W. 563.

"If Nelson was not, in the strict definition of the term, a disseisor or trespasser, he was at least a wrongdoer, in holding over after the period for redemption had expired; and plaintiff then had his remedy, to oust him by an action of ejectment. But if Nelson continued in possession of the premises, and during such time the crops had matured, been harvested, and removed from the premises by him, plaintiff would not have been entitled to the crops, or their value, but would be entitled to the rental value of the premises, for defendants' withholding them." Aultman Taylor Co. v. O'Dowd, 75 N. W. 756.

*W. H. Stutsman,* for respondent.

Preliminary injunction will be sustained on allegation that the damages to the crops "cannot be justly estimated though insolvency be not alleged." Wilson v. Eagleson, 9 Idaho, 17, 71 Pac. 613.

"It is to be noted in this connection that there is no finding that the defendant threatened any permanent injury to the freehold of the plaintiff or any injury thereto except such as would be incidental to seeding the land and harvesting the crops to be grown thereon. In view of this, and the further fact that the defendant is solvent, his counsel urges that the court ought to have dismissed the action for the reason that the plaintiff had an adequate remedy at law. That she had a remedy of successive actions at law to recover damages for each trespass is true, but the question which we must determine is whether such a remedy was an adequate one, so as to oust a court of equity of jurisdiction to grant a preventive remedy by injunction. The incompleteness and inadequateness of the legal remedy is the criterion which determines the right to the equitable remedy by injunction. . . . The modern rule is less strict, for the day has passed when a wrongdoer if he happens to be able to make a money compensation for the consequences of his act, and refrains from acts destructive of the freehold, may repeatedly

trespass upon real property in the possession of another and threaten to continue indefinitely such wrongful acts, and not feel the restraining hand of equity. . . . The defendant claimed that he had a lease of plaintiff's farm, which she denied. Thereupon he took the law into his own hands, and wrongfully entered upon her farm, and threatened to repeat the trespass during the whole of the cropping season, by repeated entries, and planting, harvesting and carrying away the crops to be raised thereon." Collition v. Osborough (Minn.) 90 N. W. 783.

CHRISTIANSON, J. This is an appeal from a temporary injunctional order. The facts, so far as material here, are as follows:

On May 8th, 1912, the then owners of the SE¼, section 17, township 136, range 93, entered into a written contract with the defendant whereby they agreed to sell and the defendant agreed to purchase said premises for the sum of $2,560, payable in certain stipulated annual installments.

On May 21st, 1913, the same parties entered into a contract for the purchase and sale of the NE¼, section 21, township 136, range 93 on the so-called crop payment plan. Under the terms of the contract, the defendant agreed to pay $4,480 for this land; payment to be made by the delivery by defendant to his vendors, on or before a stipulated date, at Mott, North Dakota or such other place as might thereafter be mutually agreed upon, of all the crop raised on a certain number of acres of said land. The contract further provided that the defendant would execute and deliver to his vendors a chattel mortgage on all crops sown and grown on said land during the life of the contract. Subsequently the vendors in both of said contracts sold and transferred all their right, interest and title in and to said lands and in and to said contracts, and the plaintiff has succeeded to all rights and interests of said vendors in the lands and in the contracts.

In April 1923, said plaintiff, Lee, caused notice of cancellation of such contracts to be served upon the defendant on the ground of alleged default on the part of the defendant. The defendant thereupon obtained from one of the judges of the district court of the county in which the land is situated, an order enjoining all further proceedings for the cancellation of such contracts by notice, and directed that all further proceedings for such cancellation be had in the District Court

properly having jurisdiction of the subject-matter. Laws 1921, Chap. 65.

This action was instituted on or about May 7th, 1923. In his complaint the plaintiff sets forth the contracts, the alleged defaults therein, the service of notice of cancellation, the issuance of the order restraining foreclosure of the contracts; that the defendant is threatening to remove the buildings and improvements on said land and to plant, harvest and remove the crops raised during the year 1923. And the plaintiff prays that judgment be entered terminating said contracts and declaring the same to be void and of no effect; that the defendant be restrained from removing from said land any of the buildings or improvements thereon and from planting, harvesting or threshing any crops thereon or removing any crops therefrom. On May 19th, 1923, the plaintiff, pursuant to notice, applied to one of the judges of the district in which the land is situated for a temporary restraining order restraining the defendant, during the pendency of the action, from removing any buildings or improvements from said land and from planting, harvesting or threshing any crop thereon. At such hearing affidavits were submitted by both the plaintiff and the defendant and it appeared from the affidavits submitted by the defendant that he had already planted crops on said land that year. At the conclusion of the hearing the trial court entered an order restraining the defendant from removing any of the buildings from said land and also from removing or selling one third of the crops raised on the premises and further restraining him from mortgaging or incumbering the remaining two thirds of the crops raised on the premises during the year 1923. The defendant has appealed from that part of the order which restrains him from removing or selling more than one third of the crops raised on said premises during the year 1923 and from mortgaging or incumbering the remaining two thirds of such crops. No appeal is taken from that part of the order restraining the defendant from removing the buildings and improvements on the land.

In our opinion the order appealed from must be affirmed. The questions which appellant seeks to raise on this appeal go to the merits of the controversy as regards the title and interest of the parties in the land. In other words, appellant seeks to have the merits of the action. that is, the rights of the parties as regards the land in controversy, de-

termined on this appeal. The order appealed from did not purport to determine these questions,—they were left to be determined when the case is tried on the merits.

It is well settled that "a temporary injunction *pendente lite* is not granted as a matter of right, but the granting or refusal of the same is largely in the discretion of the trial court, and its order will not be disturbed except in case of a clear abuse of discretion." Sand v. Peterson, 30 N. D. 171, 152 N. W. 271. And that "on appeal . . . this court will not pass upon the merits of the main action, but will only review the order appealed from." Ibid.

"The sole object of an interlocutory injunction is to preserve the subject in controversy in its then condition, and, without determining any question of right, merely to prevent the further perpetration of wrong, or the doing of any act whereby the right in controversy may be materially injured or endangered." 1 High, Inj. 4th ed. § 4.

And "it is to be constantly borne in mind that in granting temporary relief by interlocutory injunction, courts of equity in no manner anticipate the ultimate determination of the questions of right involved. They merely recognize that a sufficient case has been made out to warrant the preservation of the property or rights in issue in *statu quo* until a hearing upon the merits, without expressing, and indeed without having the means of forming a final opinion as to such rights. And in order to sustain an injunction for the protection of property *pendente lite* it is not necessary to decide in favor of the plaintiff upon the merits, nor is it necessary that he should present such a case as will certainly entitle him to a decree upon the final hearing, since he may be entitled to an interlocutory injunction, although his right to the relief may ultimately fail." 1 High, Inj. 4th ed. § 5.

Order affirmed.

Bronson, Ch. J., and Nuessle, Johnson, and Birdzell, JJ., concur.