W. J. HANSON, Plaintiff and Respondent, v. W. W. WIRTZ, Individually and as a Copartner in the Firm of Wirtz-Johnson Company, Defendant and Appellant.

(204 N. W. 672.)

**Injunction — seller of business may be enjoined from re-engaging in business contrary to contract, regardless of whether other members of firm are bound thereby.**

1. Where one contracts to sell real property standing in his name and also to sell the stock of merchandise and the good will of the business previously conducted thereon by him under a partnership name or by a firm of which he is a partner, and where he agrees in such contract not to re-engage in the business for a period of time in the town or in the territory that has been served by the business, the vendor may be restrained from re-engaging in the business in violation of the contract, regardless of whether the other members of the firm, if there be a firm, are bound by the contract.

**Partnership — one assuming to convey good will precluded from asserting lack of authority as justification for violating contract.**

2. One who assumes to convey the good will of a business and who has agreed not to re-engage in the business within a limited territory for a limited time, is precluded from asserting his lack of authority as a justification for violating his contract.

Opinion filed May 6, 1925.

Injunctions, 32 C. J. § 339 p. 219 n. 59. Partnership, 30 Cyc. p. 528 n. 1.

Appeal from the District Court of Williams County, *Lowe*, J.
Modified and affirmed.
*Fisk & Nash*, for appellant.

---

Note.—(1) Parties who may be enjoined under contract not to re-engage in business sold, see 14 R. C. L. 395.

"Even if it is conceded that the plaintiff on behalf of his firm, agreed to refrain from thereafter doing any feed and livery business, the contract would not be of any effect, as, under the express terms of Section 5836 Revised Codes, 1905, one partner has no power to dispose of the good will of the business; hence the contract would be void, if it had been made, as it is not contended that the plaintiff even agreed to retire from the feed business." Kelly v. Pierce, 16 N. D. 234, 12 L.R.A. (N.S.) 80, 112 N. W. 995.

*Nestos, Stenerson & Herigstad* and *Halvor L. Halvorson,* for respondent.

"Where one states a thing to another with a view to the other's altering his position, then the person to whom the statement is made is entitled to hold the other bound, and the matter is regulated by the state of facts as imported by the statement." Conrow v. Little, 115 N. Y. 387, 5 L.R.A. 693.

"Where the wrong of a defendant places plaintiff in a dilemma, such wrong is deemed the cause of the injury, for which plaintiff may recover for the entire damage." Louisville, N. A. & C. R. Co. v. Falvey, 104 Ind. 430.

BIRDZELL, J. This is an appeal from a judgment awarding to the plaintiff an injunction restraining the defendant from carrying on a certain implement business within ten years after January 15, 1918 at Ray, North Dakota, or in the territory which had been served by him while engaged in the implement business at Ray prior to January 15, 1918. The case is here for trial de novo. The defendant W. W. Wirtz, for some years prior to November, 1917, had been engaged in the implement and machinery business at Ray. The business was transacted under the name of Wirtz Brothers, but it was under the direct management of the defendant. He testified, however, that two brothers had an equal interest in the business with him. In November, 1917, W. W. Wirtz, the defendant, entered into a contract as the party of the first part with W. J. Hanson, the plaintiff, as the party of the second part. Under the terms of this contract, the latter, for a stated consideration of $14,500.00, purchased certain real property upon which the business in question was located, together with the stock and the good will of the business. The real estate stood in the name of the defendant. The con-

tract contains the following stipulation: "It is mutually understood and agreed between the parties hereto that the sale of real property and merchandise as aforesaid by party of the first part carries with it the good will of the implement business as carried on by the firm of Wirtz Brothers, a partnership, at Ray, North Dakota, and the said party of the first part covenants and agrees with the party of the second part that neither the said party of the first part nor any member of the firm of Wirtz Brothers will engage in the implement business at Ray, North Dakota, nor in the territory that has been served by said implement business at Ray, North Dakota, for a period of ten years from the date of the final settlement as aforesaid." This contract was signed by W. W. Wirtz, the defendant. Within the period of ten years he became interested as an owner in a similar business in Ray.

The appellant raises but a single question on the appeal. It is said that under § 6404, Comp. Laws, 1913 a partner has no authority to dispose of the good will of a business, and it is argued that the contract in question is void as having been entered into by one having no authority. The case of Kelly v. Pierce, 16 N. D. 234, 12 L.R.A.(N.S.) 180, 112 N. W. 995, is cited as decisive of the question. In that case it was said (page 238), that one partner had no power to dispose of the good will of the business and, hence, that a contract to that effect would be void if made. The context clearly shows that this is a holding, merely, that such a contract would be void insofar as the other members of the partnership are concerned. It was stated in the same connection that it was not even contended that Kelly, the other partner, had agreed to retire from the business, but, on the contrary, it appeared that he at all times desired to continue. It will be noted that by the contract in question the defendant agreed not to re-engage in the business and that he, and not the other members of the firm, if there be other members, is the person restrained. So far as he is concerned, therefore, it is immaterial whether the contract is binding on the other members of the firm or not. Having assumed to convey the good will of the business and having undertaken to protect it by agreeing not to re-engage in the business, he is precluded from asserting his own lack of authority as either an excuse or a legal justification for violating his contract.

It was suggested on argument that the judgment would amply protect the plaintiff if it restrained the defendant from carrying on the

business in Ray and in the tributary country within the county of Williams. The plaintiff's attorney expressed assent to this modification. The judgment, therefore, will be so modified as to limits, and as so modified, affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.