N. O. GOLLY and M. P. Emly, Copartners, Respondents, v. NORTH-LAND ELEVATOR COMPANY, a Corporation, Appellant.

(207 N. W. 438.)

**Abatement and revival — plea or answer alleging pendency of another action between same parties presents matter in abatement.**

1. A plea or answer alleging the pendency of another action between the same parties, involving the same subject-matter, presents matter in abatement and not in bar of the cause of action alleged in the complaint.

**Action — holder of lien on property, possession of which passes to another charged with lien, and who subsequently disposes of it, may sue in action ex contractu or in tort for conversion.**

2. Where property upon which one has a lien passes to the possession of another charged with the lien, and where the possessor subsequently disposes of the same in derogation of the right of the lien holder, such lien holder has an election to charge the wrongdoer in an action ex contractu or in an action in tort for conversion.

**Election of remedies — institution of foreclosure suit against party in possession held not to manifest election to waive tort and to sue in contract.**

3. The bringing of a foreclosure action against the party in possession at the time the lien arose and against those into whose hands the property had passed subject to the lien, where the complaint was reasonably construed to allege the continued existence of the property within the jurisdiction of the court, does not manifest an election to waive any tort that may have been committed and to sue in contract.

**Partnership — allegation of partnership between plaintiffs held supported by evidence.**

4. The plaintiffs sued as partners, and it is held, for reasons stated in the opinion, that there was not a failure of proof in support of the allegation of partnership.

**Evidence — market value may be proved by one making inquiries at particular time and refreshing recollection by concurrent memoranda.**

5. Where the market value of a commodity at a given time is in issue, it

Note.—(1) Another suit pending as ground for abatement of second suit, see 1 R. C. L. 10; 1 R. C. L. Supp. 5; 6 R. C. L. Supp. 2.

(2) Election to sue in tort or contract, see 1 R. C. L. 321; 1 R. C. L. Supp. 102.

(3) Election to waive tort and sue in contract, see 9 R. C. L. 967; 2 R. C. L. Supp. 912.

(6) See annotation in 7 A.L.R. 1116; 28 R. C. L. 604; 3 R. C. L. Supp. 1585; 5 R. C. L. Supp. 1547; 6 R. C. L. Supp. 1735.

may be proved by one who made inquiries of persons engaged in buying in that market at the time, and his recollection may be refreshed by concurrent memoranda.

**Witnesses — testimony on cross-examination although material to defense, not covered in direct examination, may be properly excluded.**

6. Where, on cross-examination, a witness is sought to be examined concerning a matter not covered in his direct examination and which is material to a defense upon which no evidence had been introduced at the time, such testimony may be properly excluded.

**Evidence — documents coming from possession of defendant may be introduced by plaintiff without further foundation consisting of testimony as to handwriting.**

7. Where documents, which afford evidence of the plaintiffs' right in property which is the subject-matter in issue, are derived from the possession of the defendant, they may be introduced in evidence without a further foundation consisting of testimonial knowledge of the witness as to the handwriting of the defendant's agent, by whom they appear to have been written.

**Appeal and error — giving of erroneous instruction affecting only matter of interest calls, not for reversal, but for correction of judgment.**

8. Where it appears that an erroneous instruction affects only a matter of interest, the judgment may be corrected by eliminating that part which is affected by the instruction.

Opinion filed January 25, 1926.

Abatement and Revival, 1 C. J. § 43 p. 48 n. 8.	Actions, 1 C. J. § 148 p. 1023 n. 89, 90.	Appeal and Error, 4 C. J. § 3170 p. 1159 n. 29.	Election of Remedies, 20 C. J. § 14 p. 19 n. 25.	Evidence, 22 C. J. § 680 p. 576 n. 56; § 1146 p. 934 n. 42. Partnership, 30 Cyc. p. 414 n. 25.	Witnesses, 40 Cyc. p. 2452 n. 99; p. 2501 n. 94.

Appeal from the District Court of Ward County, *Moellring*, J. Affirmed.

*F. B. Lambert*, for appellant.

It is well settled, indeed, that a party cannot take contradictory positions, and where he has a right to choose one of two modes of redress. and the two are so inconsistent that the assertion of one involves the negation or repudiation of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again. Roney v. Halverson, 29 N. D. 13, 149 N. W. 688.

One whose property has been wrongfully converted by others may maintain an action in tort against the wrongdoers, or may waive the tort and sue as upon an implied contract to pay the value of the property; but he cannot maintain an action upon an implied contract as against some of the wrongdoers, and at the same time another action in tort against other wrongdoers. Shonkweiler v. Harrington, 169 N. W. 258.

It may be considered a settled point on principle and authority that the nature of a cause of action is determined by the allegations of the complaint, so that the inquiry need never extend beyond this first pleading in this suit. Pom. Code Rem. 559.

The complaint is intended to form the foundation of the proof to be submitted by the plaintiff upon the trial and should advise the defendant what the plaintiff relies upon as a cause of action. 31 Cyc. 43.

When one who has the choice of two remedies elects to take one, with a full knowledge of all the facts, he is estopped from afterwards claiming the benefit of the other as to the same property. Humpfner v. D. M. Osborne & Co. 2 S. D. 310, 50 N. W. 88.

*Paul Campbell,* for respondents.

One who takes possession of and claims rights in a chattel through a purchase or other means from a person who had no power from the owner so as to dispose of it, is guilty of a conversion of the chattel and liable in trover for the value thereof. 38 Cyc. 2024.

Even where a party has pursued a remedy which would have entitled him to some relief, and later has discovered facts to disclose a better remedy, he may follow the better remedy if no such conditions of injury amounting to an estoppel have resulted to the other party. 9 R. C. L. 952.

BIRDZELL, J. This is an action in conversion by the plaintiffs as holders of a thresher's lien. The complaint alleges that the plaintiffs were copartners owning and operating a threshing machine in the fall of 1921; that they threshed certain grain for one Carl Kleiner at the agreed reasonable price of $20 per hour; that, after the threshing was completed and pursuant to chapter 97 of the Civil Code for 1913, the plaintiffs caused to be made and filed, in the office of the register of

deeds of Ward county, a lien statement for said work; that on or about September 13, 1921, the defendant, being in possession of grain covered by the lien of a value largely in excess of the amount due the plaintiffs, unlawfully disposed of and converted the grain to its own use. The answer is in the nature of a general denial. It specifically denies the partnership and the conversion. It sets forth a further defense to the effect that any grain possessed by the defendant, covered by the lien and sold by the defendant, was sold to some person other than the plaintiffs with the permission, consent, authority, and direction of the plaintiffs and that the lien of the plaintiffs was thereby waived. As a further defense, it is alleged that at the time of the commencement of the action there had been, and at the time of answering was, another action pending between the plaintiffs and the defendant involving the same subject matter and presenting the same issues, by reason of which fact the plaintiffs had elected to proceed upon another theory of liability. At the trial in the court below, the plaintiffs recovered a judgment for the amount of their lien, $332.50 and costs, with interest from March 6th, 1924, the date of the service of a written demand upon the defendant. From that judgment and from an order overruling the defendant's alternative motion for judgment non obstante, or for a new trial, the defendant appeals. The abstract of the pleadings above will serve as an indication of the nature of the case and the issues involved. The facts which developed upon the trial will be more accurately stated in considering the contentions advanced upon the appeal.

It is first argued that the pendency of another action between the same parties operated as a bar to the maintenance of the present suit. The answer identifies the action as being that of Golly v. Kiner, 50 N. D. 800, 197 N. W. 883. That action was brought very soon after the completion of the threshing for the foreclosure of a thresher's lien. The defendant in the present action demurred to the complaint in the foreclosure action and the demurrer was overruled. From the order overruling the demurrer, it subsequently appealed to this court where the order was affirmed. Ibid. One of the principal contentions on the appeal was that the complaint was defective because not expressly alleging that the property was in existence and within the jurisdiction of the court when the action was commenced. This court examined the complaint and ruled that, in view of the short period of time elapsing

between the completion of the threshing and the commencement of the action, it was sufficient as against this attack. An answer was later interposed in the foreclosure suit, which was sustained as against a demurrer. The trial court in the case at bar, being of the opinion that the facts set up in the answer in the foreclosure suit would, if established, prevent recovery therein, ruled adversely to the defendant's contention that the foreclosure suit barred the present action. That suit has not been tried and no judgment has been entered therein.

The appellant argues that for any legal injury which the plaintiffs had sustained, by virtue of its (the defendant's) wrongful conduct touching the grain in question, it may have either of two remedies: a contractual remedy, enforcible through the foreclosure action, or a remedy to recover damages for the tortious act. It is said that these remedies are inconsistent and cannot coexist; that, therefore, the bringing of the foreclosure action constituted an election and a bar to the present suit. It is also urged that the pendency of the former suit bars the present action.

It is elementary that the plea of another action pending presents matter in abatement merely and not in bar. First State Bank v. Osborne-McMillan Elevator Co. ante, 551, 207 N. W. 37; 1 Enc. Pl. & Pr. 773 et seq.; 1 C. J. 1162. Hence, the question resolves to one of election of remedies and may be stated thus: Where the owner of a special property in the nature of a lien has a right to foreclose the lien and has the additional right to recover damages from a defendant to the extent of his lien based on a conversion of the property by the latter, does the bringing of an action for foreclosure constitute an election as between inconsistent remedies? The foreclosure action may well be considered as an attempt to charge the defendant with the lien, considered as a contract right, by following the property into its hands and subjecting it to the lien; whereas, the present action is clearly an attempt to charge the defendant with the value of the property on account of a wrongful conversion. The principle of election, therefore, is applicable. 9 R. C. L. 967. In this situation it may be true that the pursuit of one remedy is generally a bar to the other. 9 R. C. L. 968. But, says the authority last above cited, "Where, however, the plaintiff in pursuing his rights does not show any intention to affirm the taking or the sale, but merely seeks to follow and reclaim the property or its

proceeds, in whole or in part, from those into whose hands it may have come, he does not thereby waive the wrongful taking, and may still sue the wrongdoer for damages, applying in reduction thereof the property or proceeds he may have received." In such circumstances the question of election becomes one of intention, as is well illustrated in Bradley v. Brigham, 149 Mass. 141, 3 L.R.A. 507, 21 N. E. 301:

"If A.'s goods are wrongfully taken by B., and sold for a sum of money, A. has an election of remedies against B., and may sue him either for the conversion or for the money had and received by him; but if he elects to sue him for the money had and received, the effect is to ratify the sale by B. as an act of agency, and A. cannot thereafter treat the taking of the goods as a wrongful act, but must accept the consequences of his affirmation of the sale. And so, in like manner, if A. does any act equivalent to suing for the money had and received, by which he treats the sale as valid, and seeks to obtain the benefit of it as a valid sale, he cannot afterwards treat it as invalid, for the purpose of obtaining a further advantage. (Citing cases.) But if, on the other hand, A. in pursuing his rights does not show an intention to affirm the taking or the sale, but repudiates the same, and merely seeks as far as possible to follow and reclaim his goods or their proceeds, in whole or in part, from those into whose hands they may have come, this will not have the effect to waive the wrongful taking, or cut him off from his remedy for the original conversion, but he will only be bound to apply in reduction of damages what he may have received. . . . In determining whether the pursuit of one remedy bars another, it may become a question of intention of the party."

In the present case it appears that the plaintiffs in the foreclosure suit were merely attempting to subject the property to the lien. They were not concerned merely with an attempt to obtain a money judgment for the value, and that action would have lain even though the defendant had not in fact converted the property. Indeed, the contention of the defendant and appellant in that case was that the complaint in foreclosure did not state a cause of action unless containing allegations that the property was still in existence and within the jurisdiction of the court, fairly implying that it should be in the possession of some of the defendants at least and that the complaint would be good even though no conversion had taken place, but bad if the prop-

erty had been converted and removed from the state. When an answer was interposed suggesting that the property had been disposed of and was not within the jurisdiction of the court, a doubt was cast upon the right of the plaintiffs to maintain the foreclosure suit. Hence, the election to pursue the remedy for conversion. We are of the opinion that these facts fail to show an intention on the part of the plaintiffs in the foreclosure suit to affirm or ratify any prior tortious disposition of the property by the defendant in this case, such as would constitute an election. In fact the appeal in the former case was disposed of on the theory that the complaint, fairly construed, contained allegations wholly consistent with the fact that no conversion had taken place prior to the bringing of the action. Therefore, it cannot be said that the plaintiffs in that case intended to waive a tort which might or might not have been committed at that time.

We think the facts stated above clearly distinguish the present case from that of Knapp v. Minneapolis, St. P. & S. Ste. M. R. Co. 43 N. D. 291, 173 N. W. 945, relied upon by counsel. In that case there had been an adjudication of the first suit which had become final, and it was held that this adjudication barred a subsequent tort action to recover the same damages on account of the same act of the defendant.

The appellant contends that there is a failure of proof to sustain the allegation that the plaintiffs are or were copartners. It appeared upon the trial that the plaintiffs had purchased the threshing rig and were both liable upon the notes given in payment. It further appears that, the year following the date of the threshing in question, the plaintiff Emly attempted to sell his interest to one Tibbs but that arrangements could not be made to substitute the liability of Tibbs for that of Emly upon the purchase price paper. Counsel for the appellant himself elicited, upon cross-examination, testimony that the plaintiffs were partners. It nowhere appears that the accounts between Golly and Emly have ever been adjusted. Hence, we think there is no merit in the contention that there is a failure of proof, and for like reasons we think it sufficiently appears that the plaintiffs were the real parties in interest and had the right to maintain the suit.

There are several assignments of error based upon the rulings on evidence. One assignment relates to the testimony of Golly, one of the plaintiffs, concerning the market price of wheat at the defendant's ele-

vator on March 6, 1924 (this date being the date of a formal demand for the grain). The witness testified to values, refreshing his recollection by using a memorandum that he had made on that day after inquiry from the person in charge of the elevator. It is argued that the witness had not shown himself competent to testify to values and that his testimony was hearsay or based upon hearsay. The evidence was clearly admissible. Knowledge of market prices is generally disseminated in the manner in which the plaintiff Golly acquired his information in this case.

It is next contended that prejudicial error was committed in sustaining an objection to a question, the answer to which would have disclosed whether or not the plaintiff Golly was heavily indebted to the Security State Bank of Benedict at about the time the lien was filed. The effect of this ruling may be best understood by referring to the principal defense urged and sought to be substantiated upon the trial, namely; that, after the grain was delivered to the defendant, Kleiner agreed to a disposition of it in such a manner as to result in the payment of various obligations owing by him greater in amount than the thresher's lien; that the plaintiffs assented thereto and that, as a part of this understanding, the bank was to give the plaintiffs credit upon an obligation owing by them to the extent of the thresher's lien. The evidence discloses that Kleiner surrendered his grain checks to the defendant's agent who gave to him his personal check for the same; that the bank had either closed or was in failing condition; that Kleiner never received any money on this check; that some time later, when the plaintiff Golly attempted to collect the thresh bill, Kleiner gave him this check which has not been paid in any part. The evidence further discloses that the defendant's version of the entire transaction was placed before the jury. There is a conflict in the evidence tending to show Golly's assent to the alleged arrangement. The record further discloses that this defense was submitted to the jury under proper instructions. Hence, we are of the opinion that the ruling in question was not prejudicial. Furthermore, the ruling was made in connection with the cross-examination of one of the plaintiffs. It touched a matter that had not been covered in the direct examination and which was vital to one of the main defenses, of which there had been no evidence up to the time the ruling was made. Its materiality had not been

made to appear from any evidence in the case up to that time. In our opinion this ruling was not erroneous.

It is next urged that reversible error was committed in allowing to be introduced in evidence copies of storage tickets purporting to have been issued by the defendant to Kleiner for the grain in question. The objection was based upon the ground that the originals were not properly identified as records of the defendant. The foundation for the introduction was contained in the evidence of one Kronberg, who became the agent for the defendant elevator company in August, 1923, and who was examined as a witness before the trial. At the time the grain was delivered, one C. W. Bechtle was the agent of the defendant company at Benedict. Kronberg did not know the handwriting of Bechtle sufficiently well to enable him to testify positively that the exhibits offered were in his handwriting, although he said "it must be his." The witness produced a stub record book which came into his possession when he became the agent of the defendant. The stub showed the kind, weight and amount of the grain deposited in the elevator. The record is not entirely clear as to whether the exhibits in question came from the possession of the defendant, but, in so far as the record before us is an indication, it would seem that they had come from the defendant's possession, had been taken up and paid by checks, the numbers of which are marked on the exhibits. The original tickets had been lost. If they came from the possession of the defendant, the objection was properly overruled, as that fact alone would be a sufficient foundation. If they did not come from the possession of the defendant, it does not appear that any error in admitting them was prejudicial in view of the other evidence, which is not controverted, that the grain was actually delivered to the defendant. In fact the principal defense is pregnant with the admission that the grain was actually delivered, being based upon a disposition thereof with the assent of the plaintiffs.

It is next argued that the court erred in instructing the jury that, in case they should find a verdict for the plaintiff, they should allow interest on the amount of damages at 6 per cent per annum from the time the grain was converted by the defendant, if it was converted. It is said that this instruction is contrary to the statute, § 7143, Compiled Laws for 1913, which provides that interest is in the discretion of the jury when the action is for a breach of an obligation not arising

from contract. It appears in this case that the plaintiffs' recovery is limited to the amount of their lien which was less than the value of the grain and that, under the instructions, the interest was directed to be computed as of a later time than the date of the actual conversion. Had the instruction been given in accordance with the statute, and the date of conversion found to have been several years prior to the formal demand, as the jury might have found under the evidence, the verdict might have been larger in amount than it was. It is clear that the instruction on this matter was prejudicial to the plaintiff; but, inasmuch as the recovery was limited to the amount of the plaintiffs' lien, it was not prejudicial to the defendant, except as it allowed interest from March 6, 1924, to the date of the verdict, the following November. The judgment will be reduced in this amount and affirmed, the respondent to recover costs upon this appeal.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.