**MEVORAH et al. v. GOODMAN et al.**

No. 7430.

Supreme Court of North Dakota.

June 11, 1954.

Rehearing Denied July 6, 1954.

J. F. X. Conmy, Fargo, for plaintiffs-respondents.

Lanier, Lanier & Knox, Aaron Aronson, Fargo, for defendants-appellants.

BURDICK, District Judge.

On June 23, 1950, the plaintiffs, as purchasers, and the defendants, as sellers, entered into a contract whereby the plaintiffs purchased from the defendants a business known and operated as Irving's Tractor Lug Company. This business consisted of buying and selling, at wholesale and retail, new, reconditioned, and used parts of tractors and other agricultural implements. The defendants had maintained places of business at Fargo, North Dakota and Portal, North Dakota and Wichita, Kansas, the principal place of business being in Fargo. The consideration for the sale was $100,000, of which $5,000 was paid in cash. Title to the stock of goods, consisting of the inventory of tractor and agricultural implement parts, was reserved to the defendants until payment of the balance of the purchase consideration which was to be paid within three years from June 21, 1950, the date of the promissory note given by the plaintiffs as evidence of balance due on the purchase price.

The contract contained the following pertinent provisions:

A. *Sale of Business.*

1. The sellers agree to sell and the purchasers agree to buy the new and reconditioned tractor and agricultural implement parts as listed in the inventory hereto attached marked Exhibit "A" and made a part hereof. The said stock of parts listed in the inventory located at Fargo, North Dakota, Portal, North Dakota and Wichita, Kansas. Sale of said items listed on the inventory are pursuant and subject to the conditional sales contract stated hereinafter in this agreement.

2. The sellers hereby sell, transfer and set over to the buyers all catalogs, office supplies and stationery and duplicate parts books of the Irving's Tractor Lug Company located on or about the premises at Fargo, North Dakota, Portal, North Dakota and Wichita, Kansas.

3. The sellers further transfer, set over and sell to the buyers the good will and the name Irving's Tractor Lug Company. From and after the date of this agreement the sellers shall no longer have any right to use the name Irving's Tractor Lug Company.

D. *Conditional Sales Agreement.*

1. Title to the stock in trade; that is, the new and reconditioned tractor and ag-

ricultural implement parts as listed in the attached in–entory, Exhibit A, shall be retained in the sellers until the balance of the purchase price represented by the within note (paragraph C herein) has been paid, as hereinafter set forth, provided however, that the purchaser shall have the right to sell the parts listed in the inventory in their regular and ordinary course of business, including foreign experts upon the conditions hereinafter set forth.

7. It is agreed that time is the essence of this contract. Upon default or breach by the purchasers of any of the terms of this agreement, or upon seizure of the property under execution or other legal process, or upon the insolvency or bankruptcy of the purchasers, or either of them, or the assignment by them for the benefit of creditors, or encumbrance, removal or other disposal of said property, or any part thereof, or sale of said property, or any part thereof, except in the regular and ordinary course of business, or; if the purchasers suffer or permit any lien or claim to attach to said property or if the sellers shall, at any time, deem themselves reasonably insecure, the full amount of the indebtedness then remaining unpaid shall at once become due and payable, at the option of the sellers. The sellers, without notice or demand and without legal process, may enter upon the premises where any of said property may be located and may take immediate possession of same and remove the same, as they so desire, using all necessary force to do so (The purchasers hereby waiving all actions for trespass or damage thereby) and retain the same, together with any and all payments previously made by the purchasers by way of liquidated damages, and Sellers may, at their option, make any disposition of said property that they deem fit and may, with or without notice, sell said property at public or private sale, at which sale the sellers may become a purchaser.

### E. *General Provisions of Sale.*

6. The office and warehouse equipment of the Irving's Tractor Lug Company is neither sold nor rented to the buyers. The buyers, however, have the privilege of using the warehouse equipment free of charge for three years or until the note is paid in full. The buyers have the further privilege of using the office equipment needed in their business, such as typewriters, adding machines, desks, files and dictaphone for the same period of time. Any index cards or mailing lists on the premises may be used by the buyers but they are not sold or rented. Buyers are permitted to make copies of the mailing lists or index cards. The buyers agree to return all office equipment, warehouse equipment, etc. covered by this paragraph to the sellers in as good condition as received at the end of three years or sooner if the note is earlier paid.

8. Restrictions on the buyers in the operation of their business is for the sellers security only, and upon payment of the indebtedness represented by the within note all restrictions shall cease, and the sellers shall have no right to interfere with the buyers in the conduct of their business.

### F. *Lease Provisions.*

1. The sellers agree and do by these presents lease to the buyers the premises occupied by Irving's Tractor Lug Company at Fargo, North Dakota and Portal, North Dakota, for the terms and rentals set forth hereinafter. The premises leased are described as follows:

(a) Portal, North Dakota:

(b) Fargo, North Dakota

2. The leased premised include, yard, buildings and warehouse.

3. The term of the lease shall be for five (5) years from and after the date that the buyers take possession of the premises. The rental shall be $350.00 per month for the Fargo, North Dakota premises and $150.00 for the Portal, North Dakota premises.

7. The sellers shall have free use of part of the office space and yard space on the leased premises as needed for the conduct of their used farm implement and tractor parts business.

9. In the event that the buyers default in payment of the note pursuant to the conditions of the conditional sales contract, the lease shall be cancelled on the Fargo and Portal, North Dakota premises. Further the ownership of the lease on the Wichita, Kansas premises shall revert to the sellers.

H. *Sellers not to Compete.*

1. The sellers agree that they will not engage, directly or indirectly, in the retail or wholesale business of the sale of new tractor and farm implement parts in the buyers normal trade territory of Wichita, Kansas, Portal, North Dakota, or Fargo, North Dakota, nor engage in foreign export of said items for a period of 15 years from the date hereof.

2. If, and at such time as the buyers may purchase the sellers' entire stock of "usable" used parts in accordance with the buyers option stated herein, the sellers after said sale hereby agree that they will not engage directly or indirectly, in the retail or wholesale business of the sale of used and reconditioned tractor and farm implement parts in the buyers normal trade territory of Wichita, Kansas, Portal, North Dakota, or Fargo, North Dakota, nor engage in the foreign export of said items, for a period of 15 years after said sale.

3. The sellers agree that they shall not conduct any other business in the name of Irving's Tractor Lug Company.

I. It is agreed among the parties hereto that mutual cooperation is required to protect the sellers' security and the buyers' interest in the business and to carry out the exclusive sales agreement covering used and reconditioned parts. The parties therefore individually agree and pledge themselves to cooperate and diligently work to accomplish the purposes of this agreement.

The plaintiffs took possession of the business July 1, 1950, and operated the business until February 5, 1951, when the defendants seized possession of the place of business in Fargo, North Dakota, and the supplies, goods, and equipment therein, and served written notice on the plaintiffs declaring that the contract for sale was breached, the sums paid thereon forfeited for liquidated damages, and the lease provisions incorporated in the contract terminated. At the time of seizure the unpaid balance of the purchase price was $83,000.

On the afternoon of February 5, 1951, immediately following the seizure by the defendants, the plaintiffs applied to the district court for an order pursuant to the provisions of Sec. 28–2908, NDRC 1943.

The defendants did not commence any action to foreclose the conditional sale provisions of the contract dated June 23, 1950. Thereupon, the plaintiffs commenced the instant action to obtain substantially the same relief sought in the order to show cause and temporary restraining order. The order to show cause and a temporary restraining order were issued by Honorable John C. Pollock, District Judge, returnable February 27, 1951, restraining the defendants from using the trade name, Irving's Tractor Lug Company, and from in any manner interfering with the plaintiffs' right to receive mail addressed to Irving's Tractor Lug Company, and from interfering in any way with the plaintiffs' use of the special bank account in the name of Irving's Tractor Lug Company in the Dakota National Bank in Fargo, North Dakota. The order further directed and ordered the defendants to foreclose the conditional sale contract dated June 23, 1950 between the parties, by action in the District Court of Cass County, North Dakota, to enable the plaintiffs to assert their defenses and counterclaim thereto, as provided by Sec. 28–2908, NDRC 1943.

On March 14, 1951, after the hearing of the order to show cause, the district court, Honorable John C. Pollock, District Judge presiding, issued its order continuing the temporary restraining order. The district court, deeming this order not sufficiently definite, issued a further order March 19, 1951 restraining and enjoining the defendants, pending the trial and determination of this action upon its merits from selling the property covered by the conditional sale provisions of the contract dated June 23,

1950, and restraining and enjoining the defendants, pending the trial of this action upon its merits, from using the trade name of Irving's Tractor Lug Company and from in any way interfering with the plaintiffs' possession and use of the mail addressed to Irving's Tractor Lug Company. This order further directed the defendants "to take all proceedings with reference to the foreclosure of said conditional sales contract in the District Court of Cass County, North Dakota, and that no further undertaking need be filed herein by the plaintiffs."

On or about April 18, 1951 the defendants served and filed their answer and counterclaim to the complaint. The answer was essentially a general denial of the allegations of the complaint. The counterclaim was essentially an action to foreclose the conditional sale provisions of the contract made June 23, 1950 by reason of certain alleged defaults of the plaintiffs. The reply of the plaintiffs is essentially a general denial of the allegations set forth in the counterclaim, except that the plaintiffs allege that the defendants have assigned the sale contract together with the promissory note given pursuant thereto to one Nathan S. Kahn who has not been made a party to this action.

Thereafter the plaintiff commenced two civil actions against the defendants arising out of this transaction. The first action was one for damages for breach of contract. This action was considered by this Court upon appeal from the judgment in Mevorah v. Goodman, 79 N.D. —, 57 N.W.2d 600. Upon that appeal the judgment appealed from was reversed and a new trial was granted. The second action was one to recover damages for conversion of personal property. This action was also considered by this Court upon appeal from the judgment in Mevorah v. Goodman, rehearing denied Oct. 30, 1953, N.D., 60 N.W.2d 581. Upon this appeal the judgment appealed from was modified as to the first cause of action and reversed and a new trial ordered on the second and fourth causes of action. The third cause of action was dismissed upon stipulation of the parties. The causes of action upon which new trials were granted are still pending.

The instant action was submitted to Honorable O. B. Burtness, District Judge, upon a stipulated record in which the court was asked to take judicial notice of the other two pending actions, pursuant to Secs. 31–1001 and 31–1002 NDRC 1943. The pleadings and records, however, in the files of the other two pending actions were not transmitted as a part of the settled statement of the case as the stipulation permitted. The district court made findings of fact, conclusions of law and order for judgment. The conclusions of law made by the trial court were as follows:

## "I

"That the seizure and conversion of the property sold conditionally extinguishes the lien of the said sales contract; and that the defendants, by their seizure of the property concerned have at least been paid the entire purchase price.

## "II

"That there was no title reserved in the defendants, by the said sales contract, in either the trade name, the mails, or the so-called supplies which included stationery, catalogs et cetera; and the defendants had no title whatsoever in the new merchandise which plaintiffs purchased after taking over the business which was originally sold.

## "III

"That the counter-claim for the foreclosure of the sales contract should be, and is hereby, in all things dismissed with prejudice both for failure of proof and because the lien has been extinguished as a matter of law.

## "IV

"That the property right and right of possession of the plaintiffs, in and to the property seized and held by the defendants, does not pass to the defend-

ants until and unless judgment for its conversion is paid and the judgment satisfied.

## "V

"That the plaintiffs are entitled to a permanent injunction against the defendants restraining them from using the trade name of Irving's Tractor Lug Company and also restraining them from interfering in any way with the plaintiff's possession and use of the mail addressed to Irving's Catalog Company; the defendants are also enjoined from selling, mortgaging or otherwise disposing of any of the stock of merchandise and other personal property involved in these proceedings until any money judgment obtained by the plaintiffs against the defendants in the conversion action is paid, unless and until the said defendants furnish a satisfactory bond to be approved by the Court to the effect that they will pay any final judgment that may be rendered against them in the pending conversion action, and if such bond is furnished the defendants are to be restrained from selling, mortgaging or otherwise disposing of any of the merchandise involved except in the ordinary course of trade at retail or wholesale."

Judgment conformable to the foregoing conclusions of law was entered December 8, 1953.

The defendants appeal from the judgment but have not demanded a trial *de novo* for a review of the entire case in this court. Where trial *de novo* is not demanded, review by the supreme court as to questions of fact in an action tried to the court without a jury is limited to those specified on which a review is desired. All questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court. Retterath v. Retterath, 76 N.D. 583, 38 N.W.2d 409.

The defendants assign two specifications of error, as follows:

"The Court erred in finding as a matter of fact and law that 'there was no title reserved by the so-called conditional sales contract in either the trade name or in the so-called supplies which included stationery, catalogs, etc. * * *'

"The Court erred in holding that when the plaintiffs sued for conversion they had not lost the property rights in the merchandise and in holding that title to the goods does not pass to the defendants before there has been a satisfaction of the judgment."

We shall consider these two specifications together. In essence, defendants contend that all of the property covered by the contract dated June 23, 1950, including the trade name and so-called supplies, were sold conditionally with title reserved to the defendants, and that notwithstanding their conversion of the property that they still retain the legal title. The plaintiffs contend, and the trial court so found, that the defendants, by their seizure and conversion of the property have at least been paid the entire purchase price and that the property in the goods passed by operation of the contract upon such payment of the balance of the purchase consideration. We find it unnecessary to resolve these contentions for the reason that the equitable title—the right to the possession, use and enjoyment of the property contracted for—passed to the plaintiffs as purchasers under the contract upon their taking possession of the business on July 1, 1950. The trial court, in denying the counterclaim of the defendants for the foreclosure of the conditional sale provisions of the contract, necessarily found that the plaintiffs are not in default in the performance of the contract. In any event the defendants have failed to prove an actionable default on the part of the plaintiffs. The plaintiffs, not being in default, are entitled to the possession of the property. See generally 47 Am.Jur., Sales, Sec. 828.

In an action by the purchasers for preventive relief by injunction to restrain

the sellers from doing that which ought not to be done, viz.: a wrongful interference with the possession, use and enjoyment of the property contracted for, it is not material whether the legal title—the property in the goods contracted for—is still retained by the defendants as sellers.

■ The trial court found that the defendants had usurped the trade name Irving's Tractor Lug Company and wrongfully interfered with the possession and use of the mail addressed to Irving's Tractor Lug Company, notwithstanding the provision in the contract dated June 23, 1950 whereby the defendants agreed not to conduct any other business in such name and otherwise pledged their cooperation to the plaintiffs in carrying on the business. This conduct on the part of the defendants constituted a breach of the contract the performance of which could be specifically enforced. Secs. 32–0412 and 32–0413, NDRC 1943. Hanson v. Wirtz, 52 N.D. 604, 204 N.W. 672. See also 28 Am.Jur., Injunctions, Sec. 102 and 4 Pomeroy, Equity Jurisprudence, 5th ed., Sec. 1355.

■ A final injunction, when authorized, may be granted to restrain the breach of a contract unless it is one the performance of which could not be specifically enforced. Sec. 32–0505, NDRC 1943. Otter Tail Power Co. v. Clark, 59 N.D. 320, 229 N.W. 915.

The trial court also enjoined the defendants from selling, mortgaging or otherwise disposing of any of the stock of merchandise and other personal property involved in this action "until any money judgment obtained by the plaintiffs against the defendants in the conversion action is paid, unless and until the said defendants furnish a satisfactory bond to be approved by the Court to the effect that they will pay any final judgment that may be rendered against them in the pending conversion action," in which latter event the defendants were to be restrained from selling, mortgaging or otherwise disposing of any of the merchandise involved except in the ordinary course of trade.

As already noted, the conversion action is still pending. It is contended by the defendants that when a party elects to sue for the conversion of personal property and recovers a judgment for damages he is thereby barred from asserting title to the property converted.

■ This court has already approved the doctrine that a judgment for conversion of property does not in itself operate to extinguish the owner's title to the property converted, and that the bar arises only upon payment of the judgment. Gilman v. Township of Gilby, 8 N.D. 627, 80 N.W. 889. See also Restatement, Restitution, Sec. 144 and Schiavo v. Cozzolino, 134 Conn. 388, 57 A.2d 723, 3 A.L.R.2d 214. Clearly, it is not material whether the owner's title to the property converted is legal or equitable. Clendening v. Hawk, 8 N.D. 419, 79 N.W. 878.

■ Where purchasers of property under a conditional sale contract seek to follow and reclaim the property or its proceeds, in whole or in part, from those who have wrongfully repossessed it, they do not thereby waive the wrongful taking and may still sue the wrongdoers for damages, applying in reduction thereof the property or proceeds they may have received. Golly v. Northland Elevator Co., 53 N.D. 564, 207 N.W. 438.

■ A seller of personal property under a conditional sale contract holds the legal title to the goods only as security for the performance of the contract by the buyer and where the seller wrongfully repossesses the property and wrongfully detains it, he is an implied trustee of the property for the purchaser from whom the property was taken. Sec. 59–0106, NDRC 1943. See also 4 Pomeroy Equity Jurisprudence 5th ed., Secs. 1044 and 1053, and Restatement, Restitution, Sec. 128.

■ A final injunction may be granted to prevent the breach of an obligation existing in favor of the applicant when the obligation arises from a trust. Sec. 32–0504, NDRC 1943.

The temporary restraining order issued by the trial court was issued pursuant to the provisions of Sec. 28–2908, NDRC 1943 which provides as follows:

"When the mortgagee has commenced foreclosure proceedings, or the vendor demands or takes possession of the property covered by the contract, and it shall be made to appear by the affidavit of the mortgagor or vendee, his agent or attorney, to the satisfaction of the judge of the distrct court of the county wherein such property is situated, that the mortgagor or vendee has a legal counterclaim or is entitled to take advantage of the provisions of section 28–2907, or has any other valid defense against the collection of the whole or any part of the amount claimed to be due, such judge, by an order to that effect, may enjoin the mortgagee from foreclosing such mortgage by advertisement, or the vendor from taking possession of or selling such property, and may direct that all further proceedings be had in the district court having jurisdiction of the subject matter. For the purpose of carrying out the provisions of this section, service may be made on the mortgagee or vendor or his attorney or agent. The provisions of this section shall apply to the assignee or transferee of any mortgagee or vendor and to the assignee or successor in interest of the mortgagor or vendee."

This section has similar counterparts elsewhere in the Code. See Secs. 32–1806, 35–2204, and 35–2302, NDRC 1943. Sec. 5845, Revised Codes of 1899, now Sec. 35–2204, was construed in Scott and Wheeler v. District Court, 15 N.D. 259, 107 N.W. 61, 65. This Court said:

"The law in question, however, does not materially change the previously existing remedies to the detriment of the mortgagee. In the absence of such a law, the mortgagor, if he wished to contest the right of the mortgagee to exercise the power of sale, could seek relief in a suit in equity to enjoin the sale, and obtain an injunction *pendente lite*. In such a suit, although the position of the parties would be reversed, the issues would be substantially the same as in a suit to foreclose."

Thus, in the case at bar, the plaintiffs could obtain partial and temporary relief under Sec. 28–2908, NDRC 1943 and also seek the same and other equitable relief in a separate suit and obtain an injunction *pendente lite* to preserve the status quo pending the determination of another action on the merits.

The granting of a temporary restraining order and a temporary or final injunction, when authorized, is a matter lying wholly within the sound discretion of the trial court. McCann v. Mortgage Bank & Inv. Co., 3 N.D. 172, 54 N.W. 1026; State ex rel. Security Bank v. Buttz, 21 N.D. 540, 131 N.W. 241; Beiseker v. Svendsgaard, 28 N.D. 366, 149 N.W. 352; Lee v. Jordan, 50 N.D. 365, 195 N.W. 660; Gillies v. Radke, 78 N.D. 974, 54 N.W.2d 155. The district judge may modify, continue or dissolve an injunction or refuse to do so as well as grant or refuse to grant the injunction in the first instance. His action will not be disturbed unless it appears that in so doing there was an abuse of discretion. Larson v. Jacobson, 54 N.D. 69, 208 N.W. 833.

The defendants as appellants have the burden of showing error and establishing affirmatively that the trial court has abused its discretion. First Nat. Bank v. Bremseth, 60 N.D. 401, 234 N.W. 758. This the defendants have failed to do.

While the appellants have not demanded a trial *de novo* for a review of the entire case, this court, on appeal from the judgment in an action tried without a jury, may review errors appearing on the face of the judgment roll which are assigned and argued by the appellants in their brief. Secs. 28–2012, 28–2707, 28–2728 and 28–2732, NDRC 1943. Wilson v. Kryger, 29 N.D. 28, 149 N.W. 721; Ripplinger v. Otten, 77 N.D. 531, 44 N.W.2d 60. See also First Nat. Bank v. Bremseth, cited supra.

Thus, the appellants assign as error and argue in their brief that the injunction issued by the trial court is invalid for want of an undertaking by the plaintiffs, required by Sec. 32–0605, NDRC 1943, to indemnify the defendants for such damages as they may sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto. This contention is without merit for the reason that the plaintiffs, at the inception of this action, did furnish the required written undertaking, unlimited in amount. This undertaking is a part of the judgment roll. Sec. 28–2012, NDRC 1943. By this undertaking the plaintiffs undertook and agreed to pay to the defendants "all damages and costs that may be awarded against them in this action in the event the injunction or temporary restraining order is ultimately determined to have been improperly issued." The sufficiency of this undertaking has not been challenged.

The appellants not having assigned and argued other error in their brief, the judgment of the district court is affirmed.

MORRIS, C. J., and BURDICK, GRIMSON, SATHRE, and BURKE, JJ., concur.

### On Petition for Rehearing.

BURDICK, District Judge.

The appellants have filed a petition for rehearing in which they contend that this court failed to consider "whether or not the conditional sales contract involved herein is a divisible contract whereby title to the merchandise can be sold conditionally and the trade name, 'Irving's Tractor Lug Company,' be sold outright without title reservation." Counsel ask the court to distinguish this case from Soderstrom v. White, 68 N.D. 293, 279 N.W. 306, 117 A. L.R. 391.

The suggested question presupposes that the determination of title to the property contracted for is vital to the issue. In the main opinion we held that in this action—for preventive relief by injunction to restrain the sellers from wrongful interference with the possession, use, and enjoyment of the property contracted for—it was not material whether the legal title to the property was reserved to the sellers. The sellers have failed to establish *any* default on the part of the buyers that would entitle the sellers to repossess any of the property, regardless of whether all or part of it was sold outright or by conditional sales contract with title reserved to the sellers. The absence of an actionable default of the buyers in the case at bar distinguishes it from Soderstrom v. White, cited supra.

We adhere to our former opinion.

MORRIS, C. J., and BURKE, SATHRE, and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.