W. T. JENNINGS LUMBER COMPANY, Inc.,
Plaintiff and Appellant,

v.

Eliza O'CALLAGHAN and Garry O'Callaghan, Defendants and Respondents.

No. 8340.

Supreme Court of North Dakota.

July 1, 1966.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for plaintiff and appellant.

Milton K. Higgins, Bismarck, for defendants and respondents.

MURRAY, Judge.

The plaintiff brought action against the defendants for work, labor, services and the furnishing of material in connection with the making of an addition to the home of the defendants, for which the defendants agreed to pay the sum of $3,075.02.

The District Court of Burleigh County, having tried the case without a jury, rendered judgment in favor of the defendants and against the plaintiff, dismissing the action.

Plaintiff has appealed from the judgment alone without demanding trial de novo. This rigidly restricts this court to consideration alone of errors appearing on the face of the judgment roll which are assigned and argued by the appel-

lant in its brief. See Mevorah v. Goodman, 65 N.W.2d 278, and especially paragraph 1 of the syllabus by the court therein reading as follows:

"Where trial *de novo* for a review of the entire case is not demanded upon appeal from the judgment in an action tried to the court without a jury, review by the supreme court as to questions of fact is limited to those specified on which a review is desired. All questions of fact not so specified shall be deemed on appeal to have been properly decided by the trial court."

■ In such an appeal, all questions of fact not specified, within the terms of the section of the code about to be cited, shall be deemed on appeal to have been properly decided by the trial court. See section 28–27–32, N.D.C.C.

As is stated in paragraph 13 of the syllabus by the court in Mavorah v. Goodman, supra:

"Where trial *de novo* for a review of the entire case is not demanded upon appeal from the judgment in an action tried to the court without a jury, the supreme court may review errors appearing on the face of the judgment roll which are assigned and argued by the appellant in his brief."

Appellant has set out as its specifications of error the following:

I

"The Trial Court's Findings of Fact do not sustain the Conclusions of Law and Judgment.

II

"The court erred in holding that judgment be entered in favor of the defendants."

The findings of the district court, namely paragraph 13 thereof, read as follows:

"That the addition of the old structure will be of the fair market value of approximately $3,300.00 when the defects as outlined in paragraph VIII above have been completed, *but that the plaintiff has not substantially performed the construction contract*: * * *. [Emphasis supplied.]

■ Whether or not this finding is actually a finding or a conclusion, is immaterial, as we have reviewed the detailed findings, which include a complete listing of the defects in the construction, and hold that the findings do support the conclusions of law to the effect that there has not been substantial performance of the contract.

The fact that the trial court fixed a dollar cost for the repair of the defects does not in any way disturb his conclusion that the contract was not substantially performed.

Paragraph 3 of the Conclusions of Law reads in part as follows:

"That the contract has not been substantially performed, and, therefore, the plaintiff is not entitled to a recovery; * * *."

We cannot, on the face of this judgment roll, which is in this case the same as saying, upon the face of the record before us, find that the conclusions of law are not supported by the findings of fact. They obviously are, and we are concluded thereby and restricted from going farther back into the record.

The appellants not having assigned and argued other error in their brief, the judgment of the district court is affirmed.

TEIGEN, C. J., and KNUDSON, STRUTZ, and ERICKSTAD, JJ., concur.