# A. C. HARRIS v. ED. HESSIN.

(151 N. W. 4.)

**Judgment — vacation of — order denying — recitals in order — statement of case — evidentiary matters.**

1. An order denying vacation of judgment should recite all the files and matters extrinsic thereto upon which it is based, and thus amount to a certificate of the basis for it, so that settlement of a statement of the case concerning evidentiary matters a part of its basis is certified and settled by the order appealed from, following § 7325, Rev. Codes 1905, § 7944, Comp. Laws 1913.

**Clerk's certificate — on appeal — files.**

2. To such an order the clerk, under § 7206, Rev. Codes 1905, § 7822, Comp. Laws 1913, attaches the files and certifies to the record under rule 24 of this court and transmits the same as the appeal record..

**Minutes of court — must be settled on appeal — certificate — attached and sent up without notice to appellant — stricken from record.**

3. Where minutes of the court on trial are not settled by the order appealed from to be a part of the basis therefor, and are subsequently written up, certified, and attached to the appeal record without notice to appellant and opportunity to challenge the same, and contain matter bearing on the merits, such certificate will be stricken from the appeal record on motion seasonably made as not properly a part thereof, without a settlement on notice as a part of a statement of the case concerning the matters so attempted to be certified *ex parte.*

**Motion to strike — matters may be inserted upon notice — statement of case — appeal — records sent up.**

4. Motion to strike and remand granted, with instructions to embody the disputed matter of fact in a statement of the case after notice. Such statement will contain all evidence or affidavits offered touching the issue involved, also the trial judge's certificate stating the facts as it finds them to be, all of which, certified by the clerk, will be returned as the completed record on appeal.

5. Twenty-five dollar terms conditionally allowed appellant on motion and remand.

Opinion filed February 13, 1915.

From the County Court of Increased Jurisdiction of Ward County, *William Murray,* J.

30 N. D.—3.

*Palda, Aaker, & Greene* and *I. M. Oseth,* of Minot, for plaintiff and respondent.

*Campbell & Jongewaard,* of Rugby, for defendant and appellant.

Goss, J. Matters of practice only are decided. The merits of the appeal for decision later will involve the propriety of an order denying motion to vacate a judgment taken by default. Anticipating that the proceedings had will have an important bearing on the merits on trial, under a review on appeal of the discretion of the trial court, both parties are much interested in having the record on appeal reflect their version of events transpiring on the hearing prior to the making of the order appealed from. Counsel for the appellant procured the record to be filed in this court. It omitted any minutes of court on trial. Soon afterwards, on motion of respondent that the record "be remanded to the county court for the purpose of amendment thereof by annexing thereto a properly identified transcript of the minutes of said court relating to and covering proceedings had in the above-entitled action," and after notice, remand was ordered, December 10th, 1914. On January 11th, 1915, the purported corrected record was returned, containing therein a purported copy of minutes of the trial court reciting a continuance to a date specified. Appellant claims the continuance was to a later date. If the minutes are correct he was in default when judgment by default, sought to be vacated, was taken. If incorrect, he was not in default. This recertification and amendment of the record was had without notice to appellants other than notice of the order of remand of this court. On January 22d, on application of appellant upon supporting affidavits, an order to show cause was issued "why said record should not be further remanded to the county court for the purpose of amendment thereof by striking out said papers and said record." This order was issued upon the motion therefor "to strike from the records and files transmitted all papers and records and copies thereof not transmitted to this court by said clerk originally and prior to the order of this court remanding said record, . . . for the reason that said papers constitute no part of the judgment roll as defined by the statute of this state, and are not a part of or portion of the original papers used by either party on the application for the order appealed from herein; that no statement of the case or bill of ex-

ceptions was settled or allowed in said cause, and that said papers constitute no part or portion of such bill or statement, . . . and that said papers were inserted in said record upon the remand thereof wholly without notice to the appellant or his attorney, and without opportunity on their part to oppose said amendment." Accompanying said motion are affidavits tending to impeach the matters recited in said ·minutes. On the return day in the order to show cause counter affidavits were filed by respondent.

The question is raised of whether the minutes of the court reciting proceedings had on trial, and challenged by the affidavits presented in support of this application, and which minutes evidently were made after the order appealed from was signed, constitute a part of the proper record on appeal. Section 7822, Comp. Laws 1913, § 7206, Rev. Codes 1905, provides that the clerk, if the appeal is from an order, shall "transmit the order appealed from and the original papers used by each party on the application for such order." This record is compiled by the clerk under said statute and rule 24 of this court. 145 N. W. x. In the words of the statute, "no further certificate or attestation shall be necessary." § 7822. However, the effect of the provisions of § 7325, Rev. Codes 1905, § 7944, Comp. Laws 1913, must not be overlooked, as thereunder it was the duty of the court to have the orders appealed from refusing to vacate the judgment "briefly describe the affidavits, documents, papers, and evidence upon which the order is made." Thus, the very order appealed from, under the theory of the law governing its making, becomes also in effect a certificate settling the case, instruments, record, and evidence upon which it, the order itself, is based. That statute contemplates that, if the order be based upon anything other than documents, the same shall be referred to or identified by the order itself, thus obviating the necessity of settling a statement of the case as to matter the basis for such order. The order is such a certificate settling the statement of the case as to it. All then that is necessary is that the clerk attach to said order the documents, records, evidence, and matter referred to therein as the basis therefor to complete the record for transmission on appeal. With this in mind we are confronted with the fact that the trial court omitted in its order to certify concerning its minutes, and not only that, but it made said record of minutes in part at least subsequently. Thus, the

record, as compiled by the clerk and transmitted on appeal to this court, properly failed to contain the minute record, evidently not then in existence.

Respondent then asked a remand, which remand was accompanied by the request of the presiding judge and a recitation of the substance of the proposed amendment. The remand was granted. Respondent's purpose therefore was to amend the statement of facts upon which the order was made, which should have been theretofore settled by recitals in the order. Manifestly the matter sought to be incorporated in the record, relating to facts considered by the court in the making of the order appealed from, should be placed in the appeal record to enable this court to pass upon the identical and complete facts that were before the trial court when the order appealed from was made. But it is also apparent that, where the order itself is to be amended accordingly, or the record amended by any ancillary and subsequent order, it must concern facts which are not yet of record and which must be brought upon the appeal record in proper manner and form. Where such facts are not settled by the order appealed from, there is no good reason why they should not be settled by a subsequent order reciting and establishing such as material facts as having taken place at the trial. But this is a matter which manifestly the clerk cannot certify under the provisions of § 7822 until it is established by order or certificate of the court itself. Such act by the court necessitates what is in fact the settling of the statement of the case as to such occurrences, or in other words the certifying to either evidence of the fact or the fact itself. The theory of the law is that no statement of the case or certification to testimony of a fact shall be made by a court without notice to the litigants concerned. Otherwise they would be afforded no protection against an erroneous record being made to their prejudice, whereby perhaps the results of a long trial might be overturned by inadvertence or otherwise. The policy of the law is to safeguard the rights of all parties where possible at every step. The inevitable conclusion is that, when this record was remanded on respondent's application, it was that the clerk should not affix an *ex parte* recitation of purported facts certified by the trial judge to the record, but instead that, if respondent desired to amend such record by bringing into the record matters not a part, strictly speaking, of the record on appeal, it should be done only

on notice to the adverse party. Hildreth v. Grandin, 38 C. C. A. 516, 97 Fed. 870, from North Dakota district; Travelers' Protective Asso. v. Gilbert, 41 C. C. A. 180, 101 Fed. 46 (C. C. A. 8th C.) The appellant could then controvert by affidavit or record evidence the matter thus proposed as an amendment, and thereupon the trial court could by order certify to the affidavits, certificate, and evidence thus offered and taken, including therein its own certificate or minute record bearing on the matter in dispute and finding the facts on such issue. Such statement of the case then settled may be attached to the order appealed from as a part of the basis therefor, and transmitted on appeal, together with the other records on appeal attested by the clerk. So compiled it may be referred to or reviewed on appeal. The clerk's certificate, however, should also be amended to include and attest the statement of the case amending the basis for the order.

It is therefore ordered that the amendatory matter inserted in the judgment roll on this appeal, without notice and on the former remand, be stricken therefrom, and the record again remanded, that respondent may, if he desires, proceed to settle a statement of the case concerning the issue of fact upon which the remand was first had, but only after notice to appellant of the time and place of said settlement, and that all evidence or affidavits bearing thereon offered by either party, or both, and the certificate as to the facts on said issue by the trial court, shall be received, and the whole certified as the statement of the case on said matter. Thereafter such statement shall be attached to and accompany the order appealed from with other original papers used by each party on the application for such order. The certified record as remanded shall be returned to this court within thirty days by the clerk of the trial court, unless otherwise ordered for cause shown; that the moving party, appellant, shall recover motion costs hereon in the sum of $25, to be paid before the return of the record to this court. However, if the terms in like amount imposed on appellant on the first remand have not been paid (an affidavit presented on this application so states), no terms on that first remand nor on this application need be paid, the same being considered as offset.

No petition for rehearing on this order will be entertained.

It is so ordered.

CHRISTIANSON, J., disqualified, did not participate herein.