WILLIAM SOLON and Abe Solon, Copartners under the Firm Name and Style of Universal Electrical Appliance Company, Plaintiffs and Appellants, v. A. J. O'SHEA, Defendant and Respondent, and FARGO NATIONAL BANK, a Corporation, Garnishee.

(177 N. W. 757.)

Appeal and error — appeal from order vacating garnishment must present record identifying papers or evidence presented.

1. In an appeal from an order vacating garnishment proceedings, made upon

a motion and order to show cause therefor, the appellant, pursuant to the statutes and the rule of this court, must present a record identifying by the order or certificate of the trial court, the papers or evidence presented or heard upon the hearing.

**Garnishment — failure to serve garnishee summons on defendant renders service on garnishee null.**

2. (Upon reinstatement of appeal.) Failure to serve a garnishee summons upon a defendant or his attorney pursuant to the statute renders service on the garnishee null, void, and of no effect from the beginning, and it is unnecessary, in such event, to serve or file any formal notice of dismissal.

Opinion filed May 1, 1920.

Appeal from District Court, Cass County, *Cole,* J.

From an orderr vacating certain garnishment proceedings, appeal dismissed; thereafter, appeal reinstated upon petition for remand and certification of the record.

Order reversed.

*John G. Pfeffer,* for appellants.

The proceedings against a garnishee are deemed an action by the plaintiff against the garnishee and against the defendant, as parties defendant, and all provisions of law relating to proceedings in civil actions at issue are applicable thereto. Scott Co. v. Scheidt, 35 N. D. 433, 160 N. W. 502; Park, Grant & Morris v. Nordale, 170 N. W. 555,

In all cases where the defendant claims the debt or property garnished to be exempt, such claim of exemption may be heard and determined by the court at any time after the claim is made, on three days' notice to the opposite party. Sess. Laws 1917, § 3, chap. 124.

Where the legislature has said that a certain act shall be done in a certain manner, such affirmative requirement will be deemed to include an implied negative that it shall not be done in another manner. Park, Grant & Morris v. Nordale, 170 N. W. 555.

"Unless the garnishee summons is so served on the defendant or his attorney in accordance wtih the provisions of this section, the service on the garnishee shall become null and void and of no effect from the beginning." Comp. Laws, 1913, § 7571.

The dismissal or discontinuance, in apt time, of a prior action, defeats a plea in abatement of the pendency of such action. 1 Cyc. 24 and cases cited.

"If the affidavit or process by which a suit was commenced is void, a plea of the pendency of such suit, in abatement of a subsequent suit, falls." Ernst v. Hogue, 86 Ala. 502, 5 So. 738; Minniece v. Jeter, 65 Ala. 222.

*T. J. McEnroe,* for respondent.

"Upon a proper showing to the court that a garnishment process has been improperly or improvidently issued, as where the necessary steps to give the court jurisdiction of the proceedings had not been taken, or where other statutory prerequisites have not been complied with, the garnishment proceedings will be dismissed." 20 Cyc. 1125, 1126.

The law applicable to the case at bar is found in the Compiled Laws of North Dakota for 1913, §§ 7571 and 7572; 20 Cyc. 1125.

The proper mode of procedure to vacate and dissolve proceedings in garnishment is either a motion to quash the proceedings or a rule to show cause why they should not be quashed, and some cases where fraud or surprise is alleged, a court of equity will intervene to protect the garnishee and defendant. 20 Cyc. 1126.

Appellants proceeded with a second garnishment for the same debt, in the same action, against the same garnishee, without first dismissing their first garnishment proceedings, which was fatal. Rustadt v. Bishop (Minn.) 50 L.R.A. 168, 83 N. W. 449; Seiver v. Union P. R. Co. (Neb.) 61 L.R.A. 319, 93 N. W. 943; Milwaukee Bridge & Iron Works v. Brevoort Circuit Judge (Mich.) 41 N. W. 215; Nornberg v. Larson (Minn.) 72 N. W. 564.

BRONSON, J. This is an appeal from an order of the district court vacating garnishment proceedings, upon a motion and order to show cause. The record presented to this court comprises the files, pleadings, and process on file in the office of the clerk of the district court in such action, together with the papers on appeal. To this record is attached only the certificate of the clerk, certifying that such papers constitute those on file of record in such action.

In the order of the district judge, vacating and setting aside the garnishment proceedings involved, and in his memorandum opinion, setting forth the reasons therefor, there is no recital stating, and in the record there is no certificate by the trial judge certifying what papers, affi-

davits, or evidence were presented or considered upon the hearing of such motion.

Briefly the facts are these :—

In September, 1918, the plaintiff instituted an action to recover an alleged balance for goods, wares, and merchandise sold. In July, 1919, garnishment process was served upon the garnishee herein. No service thereof was made upon the defendant. Subsequently, in September, 1919, new ganishment process was served upon the garnishee and the defendant. Pursuant thereto, the bank made disclosure of its indebtedness to the defendant.

Subsequently, in November, 1919, the motion and order to show cause, herein involved, was made to vacate and annul both of such garnishment proceedings, apparently upon grounds of jurisdiction, and, further, that such garnishment process was used for the improvident purpose of harassing the defendant. In dismissing the garnishment proceedings, the trial court determined that a notice of dismissal of the first garnishment should, among other things, have been given to the defendant before the second garnishment, and that there were other matters appearing, from the affidavits of the parties, that would sustain the court in vacating such garnishment proceedings.

It is apparent that appellate procedure must rest upon a record settled as the statute requires. What matters may have been considered by the trial court upon this hearing, what affidavits or even evidence was presented, not contained in this record, if any, is not disclosed. The statute requires, as well as the rule of this court, either that the order of the trial court describe the papers, or evidence upon which the same was made, or that a certificate to that effect be made. See §§ 7822, 7944, Comp. Laws, 1913, chap. 131, Laws 1913; Supreme Court Rule 24 [145 N. W. xiii]; Harris v. Hessin, 30 N. D. 33, 151 N. W. 4. Manifestly this court cannot review the order of the trial court upon this record. The appeal is dismissed, without costs.

CHRISTIANSON, Ch. J., and ROBINSON and BIRDZELL, JJ., concur.

GRACE, J. (dissenting). This is an appeal from an order of the district court, vacating garnishment proceedings, upon a motion and an order to show cause why the same should not be vacated.

The record in this case, presented to this court, contains the following papers and files:—

Summons, complaint, sheriff's return of service, the last garnishment summons, affidavit for garnishment, affidavit of service on the garnishee, sheriff's return, disclosure of garnishee, affidavit of E. T. Conmy, dismissal of garnishment, motion to vacate garnishment, affidavit of G. E. Nichols, affidavit of A. J. O'Shea, affidavit of T. H. McEnroe, order to show cause, sheriff's return, order vacating and canceling garnishment, with the court's memorandum attached, notice of appeal, assignment of error, and undertaking on appeal.

To this record is attached the certificate of the clerk of the district court, to the effect that the above-named papers constitute and comprise all the files, pleadings, and process, on file and of record in the above-entitled action, in his office; and that the notice of appeal, assignment of error, and undertaking on appeal, are the originals thereof.

The district judge, A. T. Cole, in making the order vacating and setting aside the garnishment proceedings, rendered a memorandum opinion, but did not therein, nor by his certificate, nor in the order, certify what papers, affidavits, or evidence were presented and considered by him when such motion was heard.

The material facts, concisely stated, are as follows: The plaintiff commenced an action, in September, 1918, to recover the balance claimed to be due him for merchandise sold the defendant.

In July, 1919, garnishment process was served upon the garnishee, but no service thereof was ever made upon the defendant.

In September, 1919, new garnishment process was served upon the garnishee and the defendant. The garnishee then made disclosure of its indebtedness to the defendant, amounting to $460.24.

The defendant then made a motion for the vacation and cancelation of the garnishment proceedings, principally upon the ground that there was no notice served of the dismissal of the first garnishment proceeding, and attempted to support it by the affidavits of George E. Nichols, cashier of the Fargo National Bank, and upon his own affidavit and the affidavit of others.

The substance of Nichol's affidavit is to the effect that, on the 19th day of July, 1919, as an officer of the bank, he was served with garnishment proceedings; and that, on the 10th day of September, 1919, a

second garnishment was served upon the affiant, and that neither of said garnishments had, until the time of the making of the affidavit, been released.

The defendant's affidavit is to the effect that the first garnishment process was not served upon him, and that the second garnishment was served, on the 10th day of September, 1919, on the garnishee and the defendant.

The affiant further claims in his affidavit, that the garnishment proceedings are bad, and that the same were had for the purpose of interfering with his business, and harassing, intimidating, and enforcing him to pay an unjust debt.

The affidavit of defendant's attorney, T. H. McEnroe, to the effect that no garnishee summons or affidavit for garnishment were ever served upon him, and that the plaintiffs' attorney, during all the time, knew that McEnroe was the attorney for the defendant.

Section 7944, Comp. Laws, 1913, in substance, requires that when an appeal from an order of the district court is made, it shall, upon its face, by apt words, briefly describe the affidavits, documents, papers, and evidence upon which the order is made, and that the judges may, at their discretion, refuse to sign an order not so framed; and the supreme court may, at its discretion, dismiss any appeal from an order, which is not framed substantially in accordance with the requirements of this section.

Section 7822, in substance, requires the clerk of the district court, upon appeal from an order, to transmit the order appealed from, and the original papers used by each, upon the application for such order, or copies thereof, as directed therein.

He shall also transmit the original notice of appeal and undertaking. He shall annex to the papers transmitted, a certificate, under his hand and seal of the court from which the appeal is taken, certifying that they are the original papers, or copies, as the case may be; and that they are transmitted to the supreme court, pursuant to such appeal. There is no further certificate nor attestation necessary in appeal from an order.

If the appellant does not, within thirty days after his appeal is perfected, cause a proper record in the case to be transmitted to the supreme court, by the clerk of the district court, the respondent may cause such record to be transmitted by the clerk of the district court, to

the clerk of the supreme court, and, in such case, may recover the expense thereof, as costs, in case the order appealed from is, in whole or in part, affirmed.

The order of the trial court fails wholly to comply with the requirements of § 7944. The clerk's certificate may not wholly comply with § 7822.

The appellant, however, has not made any motion, in this court, for a dismissal of the appeal, upon either of these grounds, and while this court might, in its discretion, order dismissal for these reasons, such discretion should not be, we think, arbitrarily used, especially since the appeal is, at this time, fully submitted to the court.

If this court felt that it was absolutely necessary to a proper decision of this appeal, that the record should be perfected, in regard to the matters above mentioned, a better practice, it seems to us, would be to remand the case, and require the district judge and clerk of the district court to complete the record, by incorporating such papers as were presented on the hearing, which are required to be included in the order or the certificate. Thus requiring of them full performance of their duties, as pointed out to them so plainly by the sections above mentioned.

This suggestion, as to proper practice, is, we think, upheld by the decision in the case of Harris v. Hessin, 30 N. D. 33, 151 N. W. 4.

The only assignment of error is that the court erred in granting the motion of defendant, and in making its order vacating and canceling the garnishment proceedings.

It is so obvious that the making of such order is reversible error, that the matter scarcely needs discussion.

The first garnishment proceedings were absolutely void and of no effect. Hence, no necessity arose of serving a notice of dismissal thereof. See Comp. Laws 1913, § 7571.

The second garnishment proceedings were valid and legal, and the court had jurisdiction thereunder of the garnishee and defendant; and it having duly and legally acquired jurisdiction of them, the garnishment proceedings were thenceforth against the garnishee and the defendant, as parties defendant; it was thereafter an action against the garnishee, as well as defendant.

See Comp. Laws 1913, § 7581; Park, Grant & Morris v. Nordale, 41 N. D. 351, 170 N. W. 555.

BRONSON, J. (upon reinstatement of the appeal). Upon the dismissal of this appeal pursuant to the opinion of the court, the appellants presented a petition to remand the record to the trial court for purposes of presenting a record as required, and for reinstatement of the appeal. This petition has been granted. The record was remanded, and is now before this court properly settled and certified. The cause accordingly is now presented for determination upon its merits. The facts are sufficiently recited in the formr opinon. The motion and order to show cause, presenting jurisdictional questions, was properly entertained. The statute prescribes, and this court has held, that unless the garnishee summons is also served on the defendant or his attorney the services of the garnishee becomes null and void. Comp. Laws 1913, § 7571; Park, Grant & Morris v. Nordale, 41 N. D. 351, 170 N. W. 556. In this case the first garnishee summons was not served on the defendant or his attorney. Such garnishment process accordingly became wholly ineffectual and void before the service of the second garnishment process. It was not necessary to serve or file a notice of dismissal of the first garnishment. It follows that the second garinshment served on both the garnishee and the defendant is valid and effective. No other grounds appear in the record or are stated by the court for the dismissal of the second garnishment. The trial court, accordingly, erred in dismissing such second garnishment. The order of the trial court is reversed in that regard, without costs to either party.

CHRISTIANSON, Ch. J., and GRACE, ROBINSON and BIRDZELL, JJ., concur.