**UNITED STATES v. KRANICH (STATE OF NORTH DAKOTA, Intervenor).**
**Civ. No. 1943.**

United States District Court
D. North Dakota, Southwestern Division.

Aug. 29, 1950.

———◇———

J. P. Stevens, Assistant United States Attorney, Minot, N. D., for plaintiff.

R. G. Beede, Elgin, N. D., for defendant.

P. O. Sathre and Ernst N. Paul, Assistant Attorneys General, for intervenor.

VOGEL, District Judge.

This is a civil action tried to the Court without a jury. Plaintiff, United States of America, brought suit against Christ Kranich, administrator of the estate of Daniel and Christina Kranich, deceased. The action is predicated upon promissory notes executed by Daniel and Christina Kranich as a result of loans obtained from the United States of America. The State of North Dakota applied to the Court for leave to intervene. An order granting such application was issued by this Court and an answer in intervention has been served by the State of North Dakota.

It is admitted that the notes in question were executed and delivered and that they have not been paid. The notes were executed in the years 1934, 1935 and 1936. In 1941, Daniel Kranich made application to the Public Welfare Board of the State of North Dakota for old age assistance. Such application was granted and Daniel Kranich received old age assistance from the Public Welfare Board of the State of North Dakota from April 23, 1941, until the time of his death, April 24, 1947. The total amount paid to him was $2,112.96. On March 31, 1942, Christina Kranich made application to the Public Welfare Board of the State of North Dakota for old age assistance. Such application was approved and she received old age assistance from March 31, 1942, until the time of her death, April 7, 1948. The total amount of assistance furnished to Christina Kranich thereunder was $1,937.08.

At the time of the applications for old age assistance, Daniel and Christina Kranich were the owners of Lot 18, Block 3, original townsite of Shanley, in the City of Elgin, County of Grant, State of North Dakota, which was occupied by them as their homestead.

In pursuance with the provisions of what is now designated as 50-0707, North Dakota Revised Code of 1943, the Public Welfare Board of the State of North Dakota caused to be prepared and filed in the Office of the Register of Deeds for the County of Grant, State of North Dakota, a Homestead Statement dated June 3, 1941, which Homestead Statement was filed in the Office of the

Register of Deeds on June 20, 1941. Such Homestead Statement provides, among other things, that after the filing of such statement any instrument of conveyance or encumbrance executed by the applicant for old age assistance who is the owner of such homestead, without approval of the Public Welfare Board of the State of North Dakota, shall be null and void and that notice is given by such statement that because of payments made under the provisions of the statute referred to, any conveyance or encumbrance of said described real property, without the written approval of the Public Welfare Board of the State of North Dakota, shall be null and void.

It is the contention of the State of North Dakota, intervenor herein, that under the statute providing for such Homestead Statement and under the laws of the State of North Dakota, the State of North Dakota has a valid lien upon the homestead or upon the proceeds in the event of sale thereof for all sums of old age assistance furnished to Daniel and Christina Kranich during their lifetime. The sole question for determination by this Court is whether or not the claim for assistance by the State of North Dakota through its Public Welfare Board takes precedence over the claim of the United States of America as set forth in its complaint.

The United States of America claims priority and rests its case upon the provisions of Title 31 U.S.C.A., §§ 191 and 192, which read as follows:

"*Section 191. Priority established.* Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.

"§ 192. *Liability of fiduciaries.* Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due to the United States, or for so much thereof as may remain due and unpaid."

The United States Attorney insists that the Homestead Statement statute referred to creates no lien whatsoever in behalf of the Welfare Board or the State of North Dakota and that all the statute provides is that the party receiving assistance may not encumber his homestead without the approval of the Welfare Board. The statute in question reads as follows:

"*50-0707. Homestead of Applicant for Old Age Assistance Not Encumbered.* An applicant for old age assistance under the provisions of this chapter in no case shall be required to transfer a homestead occupied by him as such unless he or she desires to do so. A recipient of old age assistance shall not be permitted to encumber or convey such homestead without the approval in writing of the state agency. When an application for old age assistance is granted and it appears that the applicant occupies a homestead, which he owns, the state agency shall cause to be recorded, in the office of the register of deeds of the county in which such homestead is located, a statement in writing to the effect that the owner of such homestead is receiving or is about to receive old age assistance payments. Such written statement shall be signed by the executive director of the state agency. After the recording of such statement, any instrument of conveyance or encumbrance executed by such applicant for old age assistance without the approval of the state agency shall be null and void. No fee shall be charged by the register of deeds for recording such statement."

The United States Attorney directs attention to the fact that prior to 1937 it was the practice of the Welfare Board of the State of North Dakota to take mortgages

upon homesteads and other properties of persons receiving old age assistance. In 1937, the North Dakota Legislature passed what is now designated as Section 50-0740, N.D.R.C.1943, which reads as follows:

*"50-0740.   Mortgages and Instruments of Conveyance Issued Under Provisions of Prior Law Canceled.*  The board of county commissioners of each county of this state and the commissioner of agriculture and labor shall execute proper instruments to cancel of record any instruments of conveyance or any mortgages that may have been executed and recorded prior to March 16, 1937, by virtue of any old age assistance payments made under the provisions of chapter two hundred fifty-four of the laws of the state of North Dakota for 1933. *The property that had been transferred shall be returned to the respective applicants."* (Emphasis supplied.)

He argues from the foregoing that the Legislature intended to create no lien by virtue of the Homestead Statement statute, 50-0707, supra, because there was legislative direction in 50-0740, supra, to cancel any instruments of conveyance or mortgages executed prior thereto by virtue of any old age assistance payments and specific direction that the property be returned to the respective applicants.  The argument is persuasive of legislative intent.

In further support of such view, the United States Attorney calls attention to 30-1818, N.D.R.C.1943, wherein the Legislature of the State of North Dakota provided for the order of payment of debts of an estate.   That section provides as follows:

*"30-1818.   Debts: Order of Payment.* The acknowledged debts of an estate and charges must be paid in the following order:

"1.   The necessary expenses of the administration;

"2.   The expenses of the last sickness and funeral;

"3.   Allowances made to the family in excess of the exempt property;

"4.   *Debts having preference by the laws of the United States;*

"5.   *Claims in favor of the state under the Old Age Assistance Act, after payments of the expenses authorized to be paid as provided in section 50-0734;*

"6.   Personal property taxes which are not liens on property belonging to the estate;

"7.   All other demands against the estate."   (Emphasis supplied.)

It will be noted from the foregoing that the law of the State of North Dakota itself gives priority to debts having preference by the laws of the United States over claims in favor of the State of North Dakota under the Old Age Assistance Act. It is the contention, then, of the United States Attorney that the debts owed by Daniel and Christina Kranich to the United States of America are entitled to priority over the claim of the Welfare Board of the State of North Dakota, both by virtue of the laws of the United States of America, as set forth in 31 U.S.C.A. § 191, and by the law of the State of North Dakota, 30-1818, N.D.R.C.1943, supra.

The Attorney General representing the State of North Dakota contends that upon the filing of the Homestead Statement a lien up to the amount of all old age assistance payments was established in behalf of the State of North Dakota, and that such lien attached immediately upon the filing of the Homestead Statement.   He points out that the identity of the lienor, the amount of the lien and the property to which it attaches are ascertainable.   Were it not for Sections 50-0740 and 30-1818, supra, the argument would have greater force.   By 50-0740, the North Dakota Legislature evidenced an intention not to create liens by virtue of old age assistance payments and specifically directed the cancellation of instruments of conveyance or mortgages that had been executed prior thereto by persons receiving old age assistance payments and specifically provided that such property be returned to the respective applicants.   Subsequently, the Legislature, by virtue of 50-0705, provided that as a condition to the grant of assistance, the applicants be required to transfer real property, *other than a homestead,* a life insurance policy having a cash surrender value of more than $300.00, or personal property, other than household

goods, wearing apparel and personal effects of a value in excess of $200.00, in trust by appropriate instrument as security for such old age assistance payments. Had the Legislature, by 50-0707, intended to create a lien against the homesteads of persons receiving old age assistance, it could have and would have said so.

In addition thereto, the Legislature specifically, by 30-1818, gives priority to "debts having preference by the laws of the United States" over "claims in favor of the state under the Old Age Assistance Act * * *." All Section 50-0707 did was to prevent a transfer of the homesteads of pensioners without the consent of the Welfare Board. Upon death, the homesteads, or proceeds thereof, were to be distributed in accordance with the provisions of 30-1818.

The Court is of the opinion that under the statutes relied on by the United States, 31 U.S.C.A. §§ 191, 192, as well as under 30-1818, N.D.R.C.1943, the claim of the United States has priority over the claim of the Welfare Board of the State of North Dakota. Council for the plaintiff is directed to prepare and submit proposed Findings, Conclusions and Order in harmony herewith.

It will be so ordered.