[File No. 7216]

JOSEPH RIPPLINGER and Mary Ripplinger, Respondents, v. W. H. OTTEN, Appellant.

(44 NW2d 60)

Opinion filed Sept. 8, 1950

T. B. Elton, for appellant.
T. H. H. Thoresen, for respondents.

Per Curiam. This is an action for damages arising from defendant's alleged negligent introduction of Bang's disease into

plaintiff's herd of cattle. The issues in the case were submitted to a jury and a verdict was returned in favor of the plaintiffs. Judgment was rendered upon the verdict and defendant has appealed from the judgment. There are no specifications of error.

Section 28–1809 R. C. 1943 provides:

"A party desiring . . . to appeal from a judgment or other determination of a district court . . . , except upon appeals triable de novo in the supreme court, shall serve with the . . . notice of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict . . . he shall so specify. A specification of the insufficiency of the evidence to sustain the verdict . . . shall point out wherein the evidence is insufficient . . . ."

There can be no question but that an action in tort tried to a jury is not triable de novo upon an appeal to the supreme court. Upon such an appeal the review is limited to the errors assigned. Baird v. First National Bank, 60 ND 286, 234 NW 71; First National Bank of Crary v. Bremseth, 60 ND 401, 234 NW 758; Barnum v. Gorham Land Co., 13 ND 359, 100 NW 1079. The only exception to this rule is where errors appear upon the face of the judgment roll. Wilson v. Kryger, 29 ND 28, 149 NW 721. As to such errors it is sufficient that they be argued in the brief. Wilson v. Kryger, supra. Here it is not claimed that there is any error appearing upon the face of the record. There is therefore nothing for this court to review and the judgment of the district court is accordingly affirmed.

NUESSLE, C. J., and BURKE, MORRIS, CHRISTIANSON and GRIMSON, JJ., concur.