57 N.W.2d 242 (1953)
In re HEIDEN'S ESTATE.
UNITED STATES
v.
STATE.
No. 7343.
Supreme Court of North Dakota.
January 23, 1953.
William R. Mills, Asst. U. S. Atty., Bismarck, for appellant.
E. T. Christianson, Atty. Gen., C. E. Brace, Asst. Atty. Gen., and John E. Williams, Legal Counsel for Public Welfare Board, Bismarck, for respondent.
PER CURIAM.
According to the notice of appeal served and filed herein, the County Court of Kidder County entered an order on November 30, 1950, allowing the final report and account of the administrator of the estate of Herman Heiden, Sr., deceased, wherein the county court determined that a claim filed by the Public Welfare Board of the State of North Dakota had priority over a claim filed by the United States of America and upon appeal to the District Court of Kidder County the latter court, by order dated August 28, 1952, affirmed the order of the county court. The United States of America appeals from the order of the district court.
The attorney general, as a part of the state's brief, moves that the order appealed from summarily be affirmed on the ground that the record contains no specifications of error and none were served with the notice of appeal. This motion was renewed orally at the beginning of the state's argument.
The clerk of the District Court of Kidder County has mailed to the clerk of this court a bundle of papers consisting of sixty documents, to which the clerk of the district court has attached a certificate to the effect that they are all the original papers which were filed in the district court in the matter. Among these papers are included the notice of appeal to this *243 court, trial briefs of counsel, the memorandum decision of the district judge, and his order affirming the order of the county court. There are also included many documents that are part of the files of the County Court of Kidder County in the matter of the estate of Herman Heiden, Sr., and a copy of the memorandum opinion of the judge of the United States District Court in the case of the United States v. Kranich, D. C., reported in 92 F.Supp. 366. We have deligently searched through this bundle of papers and are unable to find therein any specifications of error, statement of the case, or order settling such statement, or a demand for trial de novo. These miscellaneous documents cannot be considered a judgment roll, Section 28-2012 NDRC 1943, or a statement of the case, Section 28-1806 NDRC 1943. Among them there is a stipulation which states:
"That in deciding and determining the matter, the Court shall have and consider in its entirety all the files and records of the County Court of Kidder County, North Dakota; * * *."
But this stipulation does not establish what documents or other evidence was actually before the court. There is nothing to indicate to this court the record that was presented to the trial court.
Lest it be argued that this appeal is from an order of the district court and therefore a statement of the case is not required, we would point out that Section 28-2707, paragraph 2, requires that upon appeal from an order the record must contain "the original papers used by each party on the application therefor, the reporter's minutes, if any, duly transcribed, and the evidence upon which such order is based, duly certified as correct by the trial judge. Such record shall be duly authenticated and transmitted by the clerk of the district court." A similar provision is contained in rule 20, paragraph B, of the rules of the supreme court.
In Solon v. O'Shea, 45 N.D. 362, 177 N.W. 757, this court dismissed on its own motion an appeal similar to the one here presented for failure of the appellant to produce a record in compliance with the above statutory provision and the rule of the supreme court. In Thorp v. Thorp, 46 N.D. 113, 180 N.W. 26, 28, after pointing out that it did not appear what matters were considered by the trial court, other than those mentioned in the order, it is said:
"This court has recently held that upon appeals of this nature a record must be settled as the statute requires; that either the order of the trial court must describe the papers and the evidence upon which the same were made or the record must be settled." Citing Solon v. O'Shea, supra. See also Kiley v. Meckler, 57 N.D. 217, 220 N.W. 926.
In this case there is nothing in the order affirming the order of the county court to indicate what was before the district court, and no record or statement of the case has been settled by the court.
We are aware that Section 28-2728 ND RC 1943 contains a provision that "It shall not be necessary in any case to take any exceptions or to settle a statement of the case to enable the supreme court to review any alleged error which without a statement would appear upon the face of the record." In this case there has not been pointed out to us any error appearing upon the face of the record as it has been made and is presented in this court.
Failure to serve and file specifications of error is not fatal to the jurisdiction of this court on appeal and that defect may be permitted to be cured in a proper case. Wilson v. Kryger, 29 N.D. 28, 149 N.W. 721. In State ex rel. Harding v. Lane, 60 N.D. 703, 236 N.W. 353, syllabus 2, we said:
"Failure to serve specifications of error with the notice of appeal is not jurisdictional, though required by the provisions of section 7656 of the Compiled Laws (Section 28-1809 NDRC 1943), and the appellant may be relieved from his default upon sufficient showing; but, where the appellant delays such application until the time the case is submitted in this court, and *244 shows no reasonable excuse for such delay, the application will be denied."
The attorney for the appellant, the United States of America, filed a reply brief in which he states:
"If the Supreme Court is under the impression that it cannot and should not, decide the question of priority under the record as it now stands, Appellant moves and requests the Court to provide such order in the interest of the public and of justice as is necessary for them to make a determination in this matter.
"Appellant suggests in support of its plea for such an order, if the same be necessary: * * *
"That Appellant be permitted to serve a specification of error under such terms and conditions as may be just."
A similar request was made orally at the time of argument. No showing is made or excuse offered as to why the record is presented in its present condition.
The matter as submitted in this court contains two glaring defects. They are a total absence of specifications of error and an absence of any settled statement of the case or certificate of the trial judge identifying and certifying the record upon which he made his order affirming the order of the county court. The statements above quoted from the appellant's brief make no mention of the judge's certificate and only ask that permission be given to file a specification of error after we have considered the case and determine that such a specification is necessary. We cannot undertake to decide cases piecemeal and advise counsel as to how he should remedy defects and omissions for which he is responsible. On the record that is now before us, there is nothing for us to decide. We cannot review the order of the trial court. The appeal is dismissed.