COMFORD v. LOCKEN et al.

No. 7355.

Supreme Court of North Dakota.

Dec. 23, 1953.

Swendseid & Bekken, Stanley, for appellant.

Eugene A. Burdick, Williston, for respondent.

BURKE, Judge.

This is an action to determine adverse claims to real property. The complaint is in the statutory form. The defendants answered and counterclaimed, demanding that title to their respective interests in the described property be quieted in them. The trial court awarded judgment to the defendants and plaintiff has appealed from the judgment.

Upon an appeal from a judgment in a case tried without a jury, the appellant may proceed under Section 28–2732 NDRC 1943, and demand a trial de novo or he may proceed under Section 28–1809 NDRC 1943, and demand a review of specified errors. First National Bank of Crary v. Bremseth, 60 N.D. 401, 234 N.W. 758, 762.

In this case appellant did not demand a trial anew upon appeal but elected to proceed by serving and filing specifications of errors. Upon such an appeal the statute, Section 28–1809, supra, precisely sets forth what the contents of the specifications of error shall be. It reads as follows:

"A party desiring * * * to appeal from a judgment or other determination of a district court * * *, except upon appeals triable de novo in the supreme court, shall serve with the * * * notice of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict * * * he shall so specify. * * *"

In this case the designated "specifications of errors" served and filed with the notice of appeal are as follows:

"1. The court erred in finding that the defendant, Peter L. Locken, has an estate in fee simple in certain real property situated

in Mountrail County, North Dakota, described as follows:

| | |
|---|---|
| East half of Northeast Quarter | (E½NE¼) |
| Northwest Quarter of Northeast Quarter | (NW¼NE¼) |
| Northeast Quarter of Southeast Quarter | (NE¼SE¼) |
| Section Fourteen | ( 14) |
| Township One Hundred Fifty-seven | (157) |
| Range Ninety-three | ( 93) |

and entitled to the immediate possession thereof.

"2. The court erred in finding that plaintiff's claims to the above described land are junior and inferior to the rights of the defendants.

"3. The court erred in entering judgment that the defendant, Peter L. Locken, is the owner in fee simple of the above described land and that the defendant Amerada Petroleum Corporation has a valid oil and gas lease on said land.

"4. The court erred in refusing to find that plaintiff is the owner in fee simple of the above described land.

"5. The court erred in refusing to enter judgment in favor of the plaintiff and against the defendants, quieting title in the plaintiff as against any and all claims of the defendants or either of them."

Each of these so called specifications is simply a paraphrase of a statement that the court erred in making findings of facts and in entering judgment. Not a single reason as to why the findings and judgment are incorrect is specified. We cannot tell from the specifications whether appellant has appealed because of errors of law committed by the trial court or because of the insufficiency of the evidence. We considered similar specifications of error in First National Bank of Crary v. Bremseth, supra. In that case we said:

"The specification made by the appellant in this case would require an examination and weighing of all of the evidence to ascertain whether it is sufficient to sustain the finding of the trial court. This could only be done if the appeal were taken under section 7846,

supra (Sec. 28-2732 NDRC 1943). But, under the settled law of this state, the appeal here does not justify or permit a review of the evidence under that section. There is no specification of any error of law committed by the trial court, and upon the record before us the findings must be and are presumed to be based upon sufficient evidence."

The language above quoted applies with equal force to the instant case and the judgment of the district court is therefore affirmed.

MORRIS, C. J., and GRIMSON, CHRISTIANSON and SATHRE, JJ., concur.