William R. MILLS, Plaintiff and Appellant,

v.

Kenneth C. ROGGENSACK and Amelia Roggensack, Defendants and Respondents.

No. 7776.

Supreme Court of North Dakota.

Oct. 30, 1958.

William R. Mills, Bismarck, for plaintiff and appellant.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for defendants and respondents.

MORRIS, Judge.

The plaintiff seeks to recover damages to his automobile and for the loss of use of the automobile while it was being repaired, all of which he alleges to have resulted from a collision between plaintiff's automobile and one driven by the defendant Amelia Roggensack that occurred at a street intersection in the city of Fargo. He claims the collision was caused by defendants' negligence.

The defendants admit the occurrence of the accident, deny plaintiff's allegations as to any negligence and allege that plaintiff's vehicle was damaged by his own negligence or that his negligence contributed to cause the damage.

The trial was to the court and jury and resulted in a verdict for the defendants

upon which judgment was entered. Plaintiff made a motion for a new trial which was denied. The plaintiff appeals from the judgment and from the order denying his motion for a new trial.

■ We first direct our attention to the appeal from the judgment. Under the provisions of Section 28–1809, NDRC 1943, a party desiring to appeal from a judgment of the district court in an action not triable de novo in the supreme court is required to serve with the notice of appeal:

> "a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict * * * he shall so specify. A specification of insufficiency of the evidence to sustain the verdict * * * shall point out wherein the evidence is insufficient * * *".

In Ripplinger v. Otten, 77 N.D. 531, 44 N.W.2d 60, we said:

> "There can be no question but that an action in tort tried to a jury is not triable de novo upon an appeal to the supreme court. Upon such an appeal the review is limited to the errors assigned. * * * The only exception to this rule is where errors appear upon the face of the judgment roll. Wilson v. Kryger, 29 N.D. 28, 149 N.W. 721. As to such errors it is sufficient that they be argued in the brief."

In the case before us there are no assignments or specifications of error in connection with the appeal from the judgment. It is not claimed that any errors appear on the face of the judgment roll. That appeal presents nothing for this court to review.

■ We now consider the appeal from the order denying plaintiff's motion for a new trial. Section 28–1809, NDRC 1943, to which we have referred applies to motions for a new trial made before the trial court as well as to appeals to the supreme court. This section requires that a party desiring to make a motion for a new trial must serve with the notice of motion a concise statement of the errors of law of which he complains and if he claims the evidence is insufficient to support the verdict or is of such a character that the verdict should be set aside as a matter of discretion he shall so specify. If he specifies that the evidence is insufficient to sustain the verdict he must point out wherein the evidence is insufficient. Montana-Dakota Utilities Company v. Culver, N.D., 80 N.W.2d 541; Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845.

■ In the specifications accompanying plaintiff's notice of motion for a new trial he assigns only errors of law. These are divided into two groups, errors in instructions given and errors in not giving certain instructions. These specifications do not mention the insufficiency of the evidence. Our review of the order denying the motion for a new trial is limited to the errors specified and does not include a review of the sufficiency of the evidence. The appellant has the burden of presenting a record affirmatively showing error. Robbins v. Robbins, N.D., 70 N.W.2d 37.

■ The collision occurred as plaintiff, who was driving north, was making a left turn from Eighth Street into Second Avenue. The defendants' car was traveling south on Eighth Street. In making the turn the plaintiff crossed the defendants' direction of travel and defendants' car struck the right side of the one being driven by the plaintiff. Cars were permitted to be parked and were parked on Second Avenue to plaintiff's right as he turned into that avenue. No cars were permitted to be parked to his left. Second Avenue was thirty-six feet wide. Plaintiff claims that the court erred in instructing the jury in substantially the language of the statute that:

"upon a roadway of sufficient width a vehicle shall be driven upon the right one-half of the roadway"

(Section 39–1008, 1957 Supplement to NDRC 1943) and that the court further erred in instructing in the words of the statute that in making a left turn:

"after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered."

(Section 39–1035, 1957 Supplement to NDRC 1943).

The true facts are difficult to ascertain because much of the plaintiff's testimony was given with the aid of and by demonstrating upon a map or diagram which was not admitted in evidence and does not appear in this record. The plaintiff contends, however, that although the collision apparently took place within the intersection, he was turning from the intersection into Second Avenue in the center of the avenue rather than to the right of its center line because of the parked cars on his right and that according to the instructions the jury was told that the position his car then occupied was in violation of the statute. The instructions stated the statute correctly and as we later more specifically point out a violation of the statute is evidence of negligence. It may be that the statute does not allow for what is the practice in some cities of permitting parking only on one side of narrow streets and thus throwing the stream of traffic off center but that is a matter for legislative attention which does not require the courts to misstate the law as written. The defendants point out that the avenue being thirty-six feet wide there was room for the plaintiff to enter it to the right of the center line despite the parked cars. The instructions under consideration were not erroneous.

The trial court also instructed the jury in the language of the statute that:

"A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning;"

(Section 39–1038, 1957 Supplement to NDRC 1943). The plaintiff asserts that although the evidence shows that when in the intersection the plaintiff's signal light was indicating a left turn there is no evidence as to when it was turned on. He argues that under the evidence this instruction was immaterial and inapplicable. We agree that this instruction was superfluous but that does not mean that it was necessarily prejudicial. Instructions on issues or matters not warranted by the evidence are erroneous but constitute reversible error only when calculated to mislead the jury or in other words when they are prejudicial. Foster v. Dwire, 51 N.D. 581, 199 N.W. 1017, 51 A.L.R. 21; Schwabel v. First National Bank, 53 N.D. 904, 208 N.W. 236.

A case in point is Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539, 542, 14 A.L.R.2d 478. That case involved an action to recover damages for death by a negligent act resulting from a collision between two automobiles. The court considered the prejudicial nature of error in an instruction as to statutory speed limits which according to the evidence were not involved in the case. In discussing the instruction the court said:

"It appears from the facts in this case that instruction No. 3, while erroneous, did not tend to mislead the jury or to change the results of the case to the prejudice of the appellant. The giving of same did not constitute reversible error. 3 Am.Jur. 630, Section 1103; Lewis v. Miller, 119 Neb. 765, 230 N.W. 769, 70 A.L.R. 532."

Among the decisions in automobile collision cases holding inapplicable instructions to be nonprejudicial are the following: Draper Canning Co. v. Dempsey, 91 Ga. App. 593, 86 S.E.2d 678; Chapman v.

Dorsey, 235 Minn. 25, 49 N.W.2d 4; Hardy v. Anderson, 241 Minn. 478, 63 N.W.2d 814; Becker v. Hasebroock, 157 Neb. 353, 59 N.W.2d 560; Bailey v. Spindler, 161 Neb. 563, 74 N.W.2d 344.

In this case the inapplicable instruction could not possibly have misled the jury or affected the verdict adversely to the plaintiff and is therefore not reversible error.

█ The court after instructing the jury on the statutory rules of the road stated:

"The law further provides that any one violating any of the above rules of the road is prima facie guilty of negligence."

The plaintiff predicates error on the giving of the quoted instruction and argues that the word "guilty" indicates that a crime has been committed and amounted to advising the jury that the plaintiff was guilty of a crime. The term "guilty" is commonly used in connection with many breaches of conduct which may be crimes or other delinquencies including torts such as actionable negligence. See Black's Law Dictionary, Fourth Edition, page 836; Webster's New International Dictionary, Second Edition. It is the law in this state that violations of the statutory rules of the road by drivers of motor vehicles are evidence of negligence. Attleson v. Boomgarden, N.D., 73 N.W.2d 448; Imus v. Huber, N.D., 71 N.W.2d 339; Spenningsby v. Peterson, N.D., 67 N.W.2d 913; Knudsen v. Arendt, 79 N.D. 316, 56 N.W.2d 340. While we do not commend the instruction given we cannot say that it was prejudicially erroneous.

█ The plaintiff also assigns as error the failure of the court to advise the jury as to the meaning of the term "prima facie" used in connection with negligence and in not instructing that prima facie negligence could be overcome by proof of the plaintiff having exercised ordinary care. He made no request to the court for the instructions that he asserts should have been given.

"Where a party made no requests for instructions he cannot predicate error on a claim that the instructions were not sufficiently specific unless there were omissions in the instructions which amounted to a misdirection." Froh v. Hein, 76 N.D. 701, 39 N.W.2d 11, 12.

This has been the repeated holding of this court. See Mousel v. Widicker, N.D., 69 N.W.2d 783, 53 A.L.R.2d 884, and cases cited. The failure of the trial court to give the instructions which the plaintiff now suggests should have been given did not amount to misdirection. The judgment and the order appealed from are affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.