Gloria POPE, Plaintiff and Appellant,

v.

Harry POPOW, Agnes Popow, and Clarence
Pope, formerly Clarence Popow, De-
fendants and Respondents.

No. 8206.

Supreme Court of North Dakota.

Feb. 11, 1965.

Rehearing Denied March 5, 1965.

Waldron & Kenner, Minot, for plaintiff
and appellant.

Joseph P. Stevens, Minot, for defendants
and respondents Harry Popow and Agnes
Popow.

Ella Van Berkom, Minot, for defendant and respondent Clarence Pope.

STRUTZ, Judge.

This is an action by the plaintiff to set aside a transfer of certain lots described in the complaint as Lots 17 to 35, inclusive, of the Southeast Quarter (SE¼) of Section 26, Township 155, Range 83, which lots the defendant Clarence Pope transferred to his parents, the defendants Harry Popow and Agnes Popow; and for other relief. The case was tried to the court without a jury. At the close of the trial, the defendants moved for a dismissal of the plaintiff's action. Thereafter, the trial court issued its memorandum opinion dismissing the plaintiff's complaint. No findings of fact or conclusions of law were made by the court, but a judgment for dismissal of the plaintiff's complaint was entered. Thereafter, the plaintiff made a motion to set aside this judgment, basing the motion upon the ground of insufficiency of the evidence and upon the further ground of newly discovered evidence. This motion was denied by the trial court.

The plaintiff thereupon served notice of appeal to this court, the appeal being

"from the judgment entered therein by the court on the 18th day of May, 1964 in favor of the defendant and against the plaintiff, and from the whole thereof. This appeal is from the judgment and from all motions, orders and proceedings determined adversely to the plaintiff, in the above entitled action."

■ No specifications of error were served with this notice of appeal, and no trial de novo was demanded by appellant. The appellant did, however, assign certain errors in his brief. But these were not errors appearing on the face of the judgment roll, and therefore they cannot be raised without specifications of error.

■ On appeal from judgment in a case tried without a jury, the appellant may demand a trial de novo or he may demand a review of specifications of error. Ripplinger v. Otten, 77 N.D. 531, 44 N.W.2d 60; Comford v. Locken (N.D.), 61 N.W.2d 912; Sec. 28-18-09, N.D.C.C.. We have also held that, where a trial de novo is not demanded on appeal from a judgment in an action tried without a jury, this court may review errors appearing on the face of the judgment roll if they are assigned as error; but neither errors of law that do not appear on the face of the judgment roll nor the sufficiency of evidence may be reviewed in the absence of specifications of error. Mevorah v. Goodman (N.D.), 65 N.W.2d 278, citing Sec. 28-2732, N.D.R.C., now Sec. 28-27-32, N.D.C.C.

■ Thus, where a trial de novo has not been demanded on an appeal from a judgment, the review of this court on questions of fact is limited to those questions specified on which a review is demanded. Questions of fact not specified shall be deemed to have been properly decided by the trial court. In other words, where there is no demand for a trial de novo, review in this court is limited to errors specified, and, where there are no errors specified, there is nothing for this court to review. First National Bank of Crary v. Bremseth, 60 N.D. 401, 234 N.W. 758.

■ Here, no demand for trial de novo was made, and our review is limited to errors specified or errors appearing on the face of the judgment roll. But no specifications of error were served, and neither were errors appearing on the face of the judgment roll assigned and argued in the brief. There is nothing, therefore, for this court to review on appeal.

■ In a situation of this kind, we have held that failure to serve and file specifications of error is not fatal to the jurisdiction of the Supreme Court, and the defect may be permitted to be cured, in a proper

case. In re Heiden's Estate, 79 N.D. 395, 57 N.W.2d 242. Thus the failure to serve specifications of error with the notice of appeal is not jurisdictional, even though required by statute. The appellant may be relieved of his failure to serve such specifications, upon a sufficient showing. We have held, however, that where the appellant delays making application for relief until the time the case is submitted to the Supreme Court, and shows no reasonable excuse for such delay, the application for relief from failure to serve specifications of error will be denied. State ex rel. Harding v. Lane, 60 N.D. 703, 236 N.W. 353.

 In this case, no application has been made by the appellant to be relieved of her default in filing the specifications required by statute. The appeal was from the judgment in an action not triable in this court de novo since no demand for trial de novo was made and there were no specifications of error served and filed pursuant to statute. The appellant has not assigned errors that appear on the face of the judgment roll. Therefore, this appeal presents nothing for this court to review. Mills v. Roggensack (N.D.), 92 N.W.2d 722.

The appellant has failed to assign any specifications of error, has made no demand for trial de novo, and has wholly failed to sustain the burden of showing error. There being nothing for this court to review, the appeal is dismissed.

BURKE, C. J., and ERICKSTAD, KNUDSON and TEIGEN, JJ., concur.

On Petition for Rehearing.

STRUTZ, Judge.

The appellant has filed a petition for rehearing, contending that, while she did not demand a trial de novo in her notice of appeal, the sense of an appeal for trial de novo was intended; that appellant should not be denied substantial justice because of a technical ruling on appellate procedure.

We do not view our opinion in this case as being based on a technical ruling on appellate procedure. However, in order to determine whether the appellant had substantial rights which were being denied to her by our holding, we have made a thorough examination of the entire record and have come to the conclusion that a hearing on the merits would avail her nothing. The order of the district court would, on the merits, be affirmed.

The petition for rehearing is denied.

BURKE, C. J., and TEIGEN, ERICKSTAD and KNUDSON, JJ., concur.