Elaine **TRENGEN**, as Guardian of the Persons and Estates of Louis J. Mongeon and Margaret E. Mongeon, and Louis J. Mongeon and Margaret E. Mongeon, individually, Plaintiffs and Appellants,

v.

Pearl **MONGEON**, Defendant and Respondent.

Civ. No. 8811.

Supreme Court of North Dakota.

June 1, 1972.

Duffy & Haugland, Devils Lake, for plaintiffs and appellants.

Foughty, Christianson, Thompson & Rutten, Devils Lake, for defendant and respondent.

TEIGEN, Judge.

The plaintiffs, Elaine Trengen as guardian of the persons and estates of Louis J. Mongeon and Margaret E. Mongeon, and Louis J. Mongeon and Margaret E. Mongeon, individually (hereinafter appellants), served and filed a notice of appeal and undertaking from a judgment in an action tried to the court without a jury, which was entered in August 1971.

The appellants' notice of appeal demands a trial de novo in the supreme court, and specifications of errors and insufficiency of the evidence were not served or filed with the notice of appeal. The practice statute, Section 28–27–32, N.D.C.C., allowing trial de novo in the supreme court on an appeal taken from the judgment of a district court in an action tried to the court without a jury, was repealed by Chapter 311, Session Laws 1971, effective July 1, 1971. For this reason, the appellants have moved this court for leave, under Section 28–27–26, N.D.C.C., to serve and file at this time specifications of errors and insufficiency of the evidence, in the event this court holds that their right to a trial de novo on appeal to this court, under Section 28–27–32, N.D.C.C., did not attach at the time of trial.

It appears that the case was tried in May 1971 but the court did not render its decision until July 26, 1971. Thereafter judgment was entered on August 3, 1971, and notice of entry thereof was served on August 6, 1971. Subsequently, the appellants took this appeal by the service of a notice of appeal and undertaking on August 20, 1971.

Section 28–27–32, N.D.C.C., was a practice statute which provided that, on appeal from a judgment in any action tried to the court without a jury, the appellant could demand a review of the entire case in the supreme court without serving and filing specifications of errors of law or insufficiency of the evidence. In cases not triable de novo in the supreme court, Section 28–18–09, N.D.C.C., requires that the ap-

pellant shall serve, with the notice of appeal, a concise statement of the errors of law and insufficiency of the evidence of which he complains.

The defendant in this case, Pearl Mongeon, who is the respondent in this appeal (hereinafter respondent), has resisted the motion and makes a countermotion for a dismissal of the appeal.

The respondent's motion is grounded on a claim that trial de novo is not available to the appellants in this case and, because the appellants have failed to follow the existing practice statutes on appeal, there is nothing before this court to consider. The respondent appears generally to agree that if the court finds that the appellants are entitled to a trial de novo on appeal, or if they are permitted to serve and file specifications of errors or insufficiency of the evidence, there will be no need to consider the motion for dismissal.

The appellants' affidavit filed in support of the motion avers that, in taking the appeal, the appellants assumed that the right to trial de novo on appeal attached at the time of trial. They aver that the appeal was taken in good faith, and pray if the court determines that this appeal is governed by the procedural statutes in effect after July 1, 1971, and trial de novo is not available, that the appellants be permitted to serve and file specifications of errors and insufficiency of the evidence at this time. The respondent does not take issue with the averment that the appeal was taken in good faith.

Section 109 of the North Dakota Constitution provides that appeals may be allowed from decisions of the district courts to the supreme court under such regulations as may be prescribed by law.

■ By statute (Section 28–27–01, N.D.C.C.) the legislature has provided that in civil actions a judgment or order of the district court may be removed to the supreme court by appeal, as provided by Chapter 28–27, N.D.C.C. Thus the appel-

late jurisdiction of the supreme court in a civil action or proceeding must be evidenced by an order or judgment and, until an appealable order or an appealable judgment is rendered, there would, of course, be no basis for an appeal. Appeals being purely statutory, no right to appeal exists unless the statute provides for such appeal. City of Bismarck v. Materi, 177 N.W.2d 530 (N.D.1970); Keller v. Keller, 158 N.W.2d 694 (N.D.1968); Berg v. Kremers, 154 N.W.2d 911 (N.D.1967); and many other cases.

Chapter 311, Session Laws 1971, which repealed Section 28–27–32, N.D.C.C., became effective July 1, 1971. Thus Section 28–27–32, N.D.C.C., was no longer effective when the judgment was entered in this case on August 3, 1971.

■ Section 28–27–32, N.D.C.C., was not itself a complete enactment upon appeals. The statute merely authorized the supreme court, on demand of the appellant, to try anew the questions of fact specified in the statement of the case, or in the entire case, on appeals from judgments in actions tried to the court without a jury. Section 28–18–09, N.D.C.C., of the appeal statutes, provides for a review of rulings and the sufficiency of the evidence on assignments or specifications of error. Thus, prior to the repeal of Section 28–27–32, N.D.C.C., two types of appeals existed for review in the supreme court. One provided for the review of rulings on assignments and specifications of errors, and the other for the so-called "trial de novo" review. The legislature, by the repeal of Section 28–27–32, N.D.C.C. (de novo appeal), has exercised its power as authorized under Section 109 of the North Dakota Constitution and has modified the regulations which it prescribes by law by eliminating one type of review. Thus, after July 1, 1971, the supreme court no longer has the power or jurisdiction to try anew the questions of fact in an action tried to the court without a jury where the appeal is taken from the judgment.

■ Appellate jurisdiction is the power vested in an appellate court to review and revise the judicial action of an inferior court, evidenced by an appealable order or an appealable judgment rendered by such court. Bryan v. Miller, 73 N.D. 487, 16 N.W.2d 275 (1944). Therefore, until such order or judgment is rendered, there is no basis or right of appeal.

■ For this reason we hold that the appellants' demand for trial de novo, on this appeal, is ineffective.

We will now determine whether we should grant appellants' motion for leave to supply the omission by serving and filing specifications of errors and of the insufficiency of the evidence.

■ Failure to serve and file specifications of errors and insufficiency of the evidence with the notice of appeal, as required by Section 28–18–09, N.D.C.C., is not fatal to the jurisdiction of this court on appeal, and this defect may be permitted to be cured in a proper case. Pope v. Popow, 133 N.W.2d 433 (N.D.1965); In re Heiden's Estate, 79 N.D. 395, 57 N.W.2d 242 (1953); State ex rel. Harding v. Lane, 60 N.D. 703, 236 N.W. 353 (1931); Wilson v. Kryger (two cases), 29 N.D. 28, 149 N.W. 721 (1914), and 26 N.D. 77, 143 N.W. 764 (1913).

■ Section 28–27–26, N.D.C.C., provides for amendment of appeals, and states:

"When a party in good faith shall give notice of appeal and· shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just."

This statute is remedial and is intended to favor the perfection of appeals. In re Guardianship of Frank, 128 N.W.2d 355 (N.D.1964).

■ We are satisfied of the appellants' good faith in serving the notice of appeal, and the omission to serve specifications of errors and the insufficiency of the evidence with the notice of appeal was an oversight due to either a misconstruction of the effect of the repeal of the de novo appeal statute or the fact that the repeal statute was overlooked, it appearing that the notice of appeal was served less than two months after the effective date of the repeal.

We have held in many cases that the insufficiency of the evidence and errors of law not appearing on the face of the judgment roll are not reviewable in the absence of specifications of errors and insufficiency of the evidence on appeal from the judgment rendered in an action not triable de novo on appeal. Parker Hotel Co. v. City of Grand Forks, 177 N.W.2d 764 (N.D.1970); Fowler v. Delzer, 177 N.W.2d 756 (N.D.1970); Fettig v. Fettig, 176 N.W.2d 523 (N.D.1970); Christensen v. Farmers State Bank of Richardton, 157 N.W.2d 352 (N.D.1968); Collette v. Matejcek, 146 N.W.2d 156 (N.D.1966); Lindenberg v. Folson, 138 N.W.2d 573 (N.D.1965); Fox v. Bellon, 136 N.W.2d 134 (N.D.1965); Pope v. Popow, *supra*; Odegaard v. Investors Oil, Inc., 118 N.W.2d 362 (N.D.1962); Mills v. Roggensack, 92 N.W.2d 722 (N.D.1958); Mevorah v. Goodman, 65 N.W.2d 278 (N.D.1954).

■ Review de novo being no longer available under the statutes, it is necessary, in order that this court may review the errors of law which are alleged to have occurred during the trial or to review the sufficiency of the evidence to sustain the judgment, that specifications of errors of law and the insufficiency of the evidence must be served and filed. In view of the circumstances, as related above, and being satisfied of the appellants' good faith in serving the notice of appeal, leave is here-

by granted the appellants to serve and file specifications of errors of law and the insufficiency of the evidence within fifteen days from the date of the filing of this opinion. Should the appellants fail to do so, the appeal may be dismissed upon a proper showing of failure to make such service and filing within the time aforesaid. The respondent's motion for a dismissal of the appeal is denied. We award motion costs to the respondent in the amount of $125.00.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.